**Sherif Hassan AL–HAWAREY, Respondent,**

v.

**Cindy Ortega AL–HAWAREY, Appellant.**

**No. ED 97993.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 6, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 31, 2012.

Mark Hirschfeld, Clayton, MO, for appellant.

Terry J. Flanagan, John W. Peel, Flanagan & Peel, P.C., St. Louis, MO, for respondent.

KURT S. ODENWALD, Judge.

*Introduction*

Cindy Al–Hawarey ("Mother") appeals from the judgment of the trial court dismissing her motion to modify a child custody order entered in the State of Illinois. Mother suggests the trial court erred in granting the motion to dismiss her motion to modify filed by Sherif Al–Hawarey ("Father"). Mother asserts that her motion to modify sufficiently pleaded facts that, when taken as true, entitle her to relief. Ancillary to this point, Mother contends the trial court erred by considering the order of the Illinois court affirming its jurisdiction over the child custody issues between Mother and Father. Mother also claims the trial court erred in dismissing her motion to modify because there was no simultaneous proceeding in the Illinois court as referenced under Section 452.765 [1] that would prevent Missouri courts from exercising jurisdiction. The trial court properly considered and applied the statutory provisions of the Uniform Child Custody Jurisdiction and Enforcement Act as adopted by the Missouri legislature. In following this statutory mandate, the trial court appropriately recognized the limits of its authority to accept jurisdiction of the child custody matters, which are within the continuing, exclusive jurisdiction of the Illinois courts. Finding no error in the trial court's dismissal of Mother's motion to modify the child custody order entered in the State of Illinois, we affirm.

*Factual and Procedural History*

Mother and Father were divorced on February 15, 2007, after seven years of marriage. A Judgment for Dissolution of Marriage was entered by an Illinois trial court, which awarded Mother and Father joint legal and physical custody of the children, subject to the terms of the Joint Parenting Agreement.

On September 4, 2009, the Illinois trial court modified the Joint Parenting Agreement to provide that the children's primary residence would be with Mother in Peoria, Illinois, and to allow Father visitation rights. The modification further provided that Mother would relocate by June 15, 2010, to whatever metropolitan area Father was then residing. If Mother did not relocate by June 15, 2010, Mother agreed that the children would be taken to Father's residence to reside with him as the primary residential parent until she complied with her agreement to relocate. The Illinois trial court extended Mother's deadline to move to the St. Louis metropolitan area, where Father had chosen to live, until August 15, 2010. The children moved to Missouri to live with their father sometime in June or July 2010.[2]

In December 2010, Father filed a petition seeking permanent physical custody of the children.[3] After a hearing on that issue, the Illinois trial court entered an order dated June 9, 2011, finding that there had been a complete breakdown in communication between the parties, Mother had not spent meaningful time with her

---

1. All statutory references are to Mo.Rev.Stat. (2011) unless otherwise noted.

2. The record is unclear as to when the children moved to Missouri. Mother's motion to modify states that the children moved to Missouri no later than June 6, 2010, whereas Father's motion to dismiss Mother's motion to modify states that the children moved to Missouri no earlier than July 2010.

3. The record is unclear as to the actual date of Father's filing for permanent physical custody of the children. The pleading was not contained in the record, and Mother's motion to modify and appellate brief reference both December 12 and December 15 as Father's filing date.

children since the summer of 2010, and Father had provided 100% of the support, care, and guidance for the minor children. The Joint Custody Agreement between the parties was terminated and sole custody of the two minor children was awarded to Father. The court order allowed Mother supervised visitation with the children at the visitation center in Peoria, Illinois. The Illinois court also scheduled a hearing for July 29, 2011, to review the progress of the supervised visitation with Mother.

Also on June 9, 2011, the Illinois trial court entered an order denying Mother's *pro se,* oral motion to transfer venue of the child custody proceedings to Missouri. The court found that there was no pending petition in Missouri and that the proceedings in the case had already begun in Illinois. The proceedings included taking the testimony of the parties, the appointment of a guardian ad litem, and investigation by the guardian ad litem.

On July 13, 2011, Mother filed a motion to modify the Illinois child custody order in the Circuit Court for St. Louis County, Missouri ("Missouri trial court"). Mother alleged in her motion that the children had lived with Father in Missouri for more than six months prior to the filing of Father's Illinois petition for permanent physical custody, making Missouri the home state of the children under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). Mother claimed the Illinois trial court was without jurisdiction to enter its June 9, 2011, Order giving Father sole custody of the children. In the memorandum of law filed in support of her motion to modify, Mother averred that she ceased to reside in Illinois prior to December 15, 2010, and was currently residing in Nevada.

On July 29, 2011, Mother and Father appeared before the Illinois trial court for review of the supervised visitation order.

The Illinois trial court ordered that supervised visitation continue in Peoria and set further review of visitation for October 24, 2011.

On September 27, 2011, Father moved to dismiss the motion to modify filed by Mother in the Missouri trial court. Father alleged Mother's motion to modify did not state a claim for which relief may be granted by the court because "the Illinois Court timely assumed jurisdiction to adjudge and determine the parties' respective custody rights over the minor children." Father asserted that the Illinois litigation regarding his petition seeking full custody of the children began in December 2010, which was less than six months after the children relocated to Missouri. Accordingly, Father argued that Illinois remained the children's home state.

Father appeared in the Illinois trial court for the review of visitation on October 24, 2011. Mother did not appear. The court ordered that visitation be terminated until Mother appeared in Peoria County, and set the matter for further hearing on December 19, 2011. In that order, the Illinois trial court also "confirm[ed] that the custody ruling of this court was clearly within its jurisdiction based inter alia, on the filing of [Father's] petition before the children were Missouri residents for 6 months, and [Mother's] sworn residence in Peoria."

The Missouri trial court heard arguments on Father's motion to dismiss Mother's motion to modify on November 3, 2011. After considering the arguments and the parties' memoranda in support of their respective positions, the Missouri trial court entered a judgment and order granting Father's motion to dismiss. The Missouri trial court cited the Illinois trial court's order confirming its jurisdiction on child custody issues because Father's petition was filed in Illinois before the children

were Missouri residents for six months and because of Mother's sworn residence in Illinois. The Missouri trial court also found that Illinois had commenced litigation involving the custody of the children, and that the Illinois action had not been terminated or stayed. Furthermore, Illinois had not declined to exercise or continue its jurisdiction on the ground that a court in Missouri was the more appropriate forum. Therefore, the Missouri trial court held it was without authority to exercise its jurisdiction to proceed on Mother's motion, and dismissed Mother's motion to modify. This appeal follows.

### Points on Appeal

Mother presents three points on appeal. First, Mother claims that the trial court erred in dismissing her motion to modify because she sufficiently pleaded facts that, when taken as true, entitle her to relief. Second, Mother claims that the trial court erred in citing the Illinois trial court's order affirming jurisdiction because the unauthenticated order was not properly before the trial court for purposes of testing the sufficiency of the motion to dismiss. In her final point on appeal, Mother asserts that the trial court erred in dismissing her motion to modify because Illinois's scheduled review of Mother's supervised visitation did not constitute a simultaneous proceeding under Section 452.765 so as to prevent Missouri from exercising jurisdiction.

█ We note first the deficiencies in Mother's appellate brief. "Rule 84.04 sets forth various requirements for appellate briefs, and compliance with these requirements is mandatory to ensure appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Edwards v. Mid–Am Metal Forming. Inc.,* 335 S.W.3d 500, 502 (Mo.App. S.D.2011). Here, Mother includes no table of contents or table of cases, in violation of Rule 84.04(a)(1); her "Points Relied On" do not concisely state the legal reasons for her claim of reversible error, in violation of Rule 84.04(d)(1)(B); she fails to include a standard of review for each claim of error, in violation of Rule 84.04(e); and her arguments are not limited to those errors included in the "Points Relied On," in violation of Rule 84.04(e). Rule 84.04 violations constitute sufficient grounds for dismissal of an appeal. However, because we are able to ascertain the general principles of Mother's argument despite these deficiencies, we will review her claim *ex gratia* to provide a determination on the merits and allow a speedier resolution to the issues of child custody. *See Bolt v. Giordano,* 310 S.W.3d 237, 241–42 (Mo.App. E.D.2010).

### Standard of Review

█ This Court reviews a trial court's grant of a motion to dismiss *de novo. See Lynch v. Lynch,* 260 S.W.3d 834, 836 (Mo. banc 2008). We also review *de novo* the question of whether Missouri has jurisdiction to determine child custody issues in accordance with the UCCJEA. *See A.M.C.B. v. Cox,* 292 S.W.3d 428, 433 (Mo. App. E.D.2009).

### Discussion

#### I. Jurisdiction under the UCCJEA

Mother's first point on appeal argues that her motion to modify sufficiently pleaded facts that, when taken as true, entitle her to relief, thereby defeating Father's motion to dismiss. Specifically, Mother claims that she pleaded facts in her motion to modify sufficient to support her allegation that Illinois courts no longer have jurisdiction over custody issues under the UCCJEA, and that Missouri courts had jurisdiction to modify the child custody order under the UCCJEA. Mother

further argues that the trial court was bound by the facts pleaded in her motion.

Mother treats Father's motion to dismiss as a motion to dismiss for failure to state a claim upon which relief can be granted. Mother is correct that, if the basis of Father's motion was Mother's failure to state a claim, this Court would be required to assume all facts properly pleaded as true, give a liberal construction to Mother's allegations, and accord the motion all reasonable inferences from the facts stated. *See Shaver v. Shaver*, 913 S.W.2d 443, 444 (Mo.App. E.D.1996). Mother's point on appeal is misguided because the legal basis of Father's motion to modify is not Mother's failure to state a claim, but the Missouri trial court's authority to assert its jurisdiction over the custody proceedings under the UCCJEA. We readily acknowledge that Father's motion to dismiss, captioned as "Petitioner's Motion to Dismiss Respondent's Motion to Modify," is framed as a motion to dismiss for failure to state a claim upon which relief can be granted. However, the substantive argument presented by Father in his motion to dismiss is that Missouri trial court lacked jurisdiction to modify the Illinois child custody order under the UCCJEA, thereby mandating dismissal of Mother's motion to modify.

Father's motion to dismiss states:

"[Mother's] Motion to Modify does not state a claim for which relief may be granted by this Court *because it fails to recognize that the Illinois Court timely assumed jurisdiction to adjudge and determine the parties' respective custody rights over the minor children.* In fact, the Illinois litigation began in December of 2010 and the minor children relocated to Missouri no earlier than July of 2010, which therefore is less than six months and as such at the time that litigation commenced

Illinois remained the children's home state. (emphasis added).

Father's motion further discusses the requirements for jurisdiction under the UCCJEA and concludes by praying for an order dismissing Mother's motion to modify for want of jurisdiction. Despite the fact that Father initially characterized the basis of his motion to dismiss as Mother's failure to state a claim, the substance of his motion clearly addresses the jurisdiction or authority of the Missouri trial court to proceed on the custody issue. We now address the merits of Father's motion.

■ When a court's jurisdiction to modify a decree entered in another state is brought into question, the mere recitation that the court has jurisdiction is not dispositive. *See Adams v. Adams*, 871 S.W.2d 105, 107 (Mo.App. E.D.1994). Rather, the question of whether a Missouri court has jurisdiction to modify a child custody decree of another state is governed by the UCCJEA. *See id.* Accordingly, we must examine whether the trial court erred in declining to exercise its authority to assert jurisdiction over the parties' child custody proceedings under the provisions of the UCCJEA.

■ The UCCJEA, codified in Missouri under Sections 452.700 through 452.930, governs jurisdiction in child custody matters. *See* Section 452.700. Cases decided prior to the Missouri Supreme Court's ruling in *J.C.W. ex rel. Webb v. Wyciskalla* declared that the provisions of the UCCJEA must be met for Missouri courts to have subject matter jurisdiction over a child custody proceeding. *Hightower v. Myers*, 304 S.W.3d 727, 733 (Mo. banc 2010). *Webb* clarified, however, that subject matter jurisdiction is governed by Article V of the Missouri Constitution and is a matter of "the court's authority to render a judgment in a particular category of case." *J.C.W. ex rel. Webb v. Wyciskalla*,

275 S.W.3d 249, 253 (Mo. banc 2009). The Missouri Constitution grants "original jurisdiction over all cases and matters, civil and criminal" to the circuit courts. *Id.* Because a child custody dispute is a civil case, the circuit court has constitutionally vested subject matter jurisdiction over the dispute. *Ketteman v. Ketteman,* 347 S.W.3d 647, 654 (Mo.App. W.D.2011).

However, the circuit court's constitutionally vested subject matter jurisdiction differs from the court's statutory or common law authority to grant relief in a particular case. *Id.* While the UCCJEA does not remove subject matter jurisdiction from a trial court over child custody matters, its provisions provide guidance to a trial court regarding the exercise of its authority to assert its jurisdiction over a custody determination because of the statutory limitations. *Id.; Hightower,* 304 S.W.3d at 733. The issue before us is whether the trial court properly construed the statutory limit on its authority to consider Mother's motion to modify under the provisions of the UCCJEA.

Under Section 452.750, a Missouri court shall not modify a child custody determination made by a court of another state unless, first, the Missouri court has jurisdiction to make an initial determination of custody under subdivision (1) or (2) of Section 452.740.1 *and* either (1) the court of the other state determines it no longer has exclusive, continuing jurisdiction or Missouri would be a more convenient forum, or (2) a court of this state or a court of the other state determines that neither the child nor a parent resides in the other state. Section 452.750.

### A. *Initial Custody Determination*

■ The first step of our analysis is to determine whether the Missouri trial court had authority to make an initial custody determination regarding the children. Whether a Missouri court is authorized to make an initial child custody determination is governed by Section 452.740, which provides, in relevant part:

1. Except as otherwise provided in section 452.755, a court of this state has jurisdiction to make an initial child custody determination only if:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months prior to the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) A court of another state does not have jurisdiction under subdivision (1) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 452.770 or 452.775, and:

(a) The child and the child's parents, or the child and at least one parent or person acting as a parent have a significant connection with this state other than mere physical presence; and

(b) Substantial evidence is available in this state concerning the child's care, protection, training and personal relationships;

Illinois has adopted a nearly identical provision in its version of the UCCJEA. *See* 750 Ill. Comp. Stat. 36/201 (2004). In both Missouri and Illinois, "home state" is defined as the state in which a child has lived with a parent for at least six consecutive months immediately prior to the commencement of a child custody proceeding. Section 452.705(8); 750 Ill. Comp. Stat. 36/102(7) (2004).

In her motion to modify and again on appeal, Mother argues the Missouri courts have authority to make an initial custody determination under subdivision (1) of 452.740.1 because the children resided in Missouri for more than six months prior to her filing her motion to modify on July 13, 2011, as well as six months prior to Father's filing of his petition for permanent physical custody in December 2010, thereby making Missouri the children's home state.

In its Order and Judgment, the Missouri trial court specifically recited the Illinois trial court's finding that it had jurisdiction over the custody issue because Father filed his petition before the children were Missouri residents for six months, and because Mother's sworn residence was in Peoria, Illinois. The Missouri trial court further found that the Illinois trial court had commenced litigation involving the child custody issues, which had not been terminated or stayed, and that Illinois had not declined to exercise its jurisdiction on the ground that Missouri was a more convenient forum. The Missouri trial court therefore found that it was without jurisdiction to modify this child custody order entered by the Illinois trial court.

Given the facts set forth in the record, we agree with the finding of the Missouri trial court. The Illinois trial court found that the children had lived in Missouri for less than six months at the time Father filed his petition for permanent physical custody, meaning Missouri was not the children's home state under Section 452.740(1). Prior to moving to Missouri in June or July 2010, the children's permanent residence had been with Mother in Illinois since September 4, 2009. Although the children were absent from the State of Illinois, Mother's permanent residence remained in Illinois, making Illinois the home state of the children within six months prior to the commencement of Father's petition for permanent custody under the requirements of Section 452.740(1). Illinois also had not declined jurisdiction on the ground that Missouri was a more appropriate forum under Section 452.740(2). Because Illinois had been the home state of the children within six months of Father filing his petition for permanent custody, Mother still lived in Illinois, and Illinois had not declined to exercise its jurisdiction, Missouri lacked the authority to enter an initial child custody determination. Accordingly, under Section 452.750, Missouri courts then also lacked the authority to modify the child custody determination made in Illinois.

B. *Modification of Child Custody Determination*

Even if the record established that Missouri courts had authority under Sec. 452.740 to enter an initial child custody determination, the Missouri trial court was required to consider the additional requirements of Sec. 452.750(1) and (2) when assessing whether it had the authority to assume jurisdiction over the modification of the child custody determination made by the Illinois court.

Under 452.750(1), a Missouri's court's authority to modify a child custody order entered in another state is conditioned upon whether the court of the other state, here, Illinois, has determined that it no longer has exclusive, continuing jurisdiction over the matter, or has determined that the Missouri court would be a more convenient forum for the child custody proceeding. Under Sec. 452.750(2), a Missouri court also must consider whether it or the court of the other state has determined that neither the child nor a parent presently resides in the other state, here, Illinois. The record on appeal is clear that the Illinois trial court has not determined it no longer has exclusive, continuing juris-

diction. In fact, the Illinois trial court entering the initial custody determination in this matter clearly reaffirmed its jurisdiction over the custody issues at hand in its order of October 24, 2011. That same Illinois court also determined Missouri was not a more convenient forum and denied Mother's motion to transfer venue to Missouri. Finally, the record shows that the Illinois trial court found Mother's residence to be Peoria, Illinois. Given these express findings that are part of the record on appeal, the Missouri trial court properly concluded its authority to assume jurisdiction over the custody order entered by the Illinois trial court was limited under Sec. 452.750.

Having considering the record on appeal, we find no support for Mother's claim that the trial court erred in granting Father's motion to dismiss her motion to modify the child custody order entered in the Illinois court. Point One is denied.

## II. Illinois Order of October 24, 2011

■ In her second point on appeal, Mother claims that the Missouri trial court erred in relying upon the Illinois trial court's order affirming jurisdiction when dismissing Mother's motion. Mother contends the order was not authenticated and therefore was not properly before the trial court for purposes of testing the sufficiency of the pleadings.[4] This point on appeal is another attempt to argue the same error asserted by Mother in her first point on appeal: that the trial court erred in granting Father's motion to dismiss because her motion to modify pleaded facts that, when taken as true, stated a claim for which relief can be granted.

■ Mother's argument mistakenly assumes that our review of Father's motion is limited to the sufficiency of her pleadings, and whether such pleadings state a recognizable cause of action. Again, we agree that if the grounds of Father's motion to dismiss were based upon Mother's alleged failure to state a claim, this Court would be required to assume all facts properly pleaded as true, give a liberal construction to Mother's allegations, and accord the motion all reasonable inferences from the facts stated. *See Shaver*, 913 S.W.2d at 444. However, as noted above in our discussion of Mother's first point on appeal, despite Father's inartful characterization of his pleading, the substance of his motion to dismiss was not based upon Mother's failure to state claim, but asserted the trial court's lack of jurisdiction over the child custody proceedings.

■ Important to our analysis is recognizing the purpose of the UCCJEA, which is "not to confer or deprive either state of jurisdiction but to provide a uniform statutory framework so that courts with jurisdiction may determine which shall go forward with a particular case." *Ketteman*, 347 S.W.3d at 653. The provisions of the UCCJEA are intended to promote cooperation among state courts and avoid jurisdictional competition and conflict. *See id.* at n. 3. To that end, the UCCJEA includes several provisions that allow a court to freely determine whether it has jurisdiction. Under Section 452.730, a Missouri court may communicate with a court of another state, with or without the parties present, concerning a child custody proceeding. Likewise, Section 452.765 requires a Missouri court, prior to exercising its jurisdiction over a child custody mat-

---

4. Mother also claims that the trial court erred in citing Father's motion to confirm jurisdiction because it too was an unauthenticated copy; however, the trial court did not cite Father's motion to confirm jurisdiction, and the record contains no evidence of the pleading.

ter, to examine court documents and other information supplied by the parties to determine whether a proceeding has commenced in another state having jurisdiction. Finally, under Section 452.780.4, each party has a continuing duty to inform the court of any proceeding in any state that could affect the current proceeding.

Given the express directions of the UCCJEA, we hold that the trial court did not err in considering and citing the order of the Illinois trial court which affirmed its jurisdiction over the child custody issues between Mother and Father. Unlike a motion to dismiss for failure to state a claim, where the court is limited to a review of the pleadings, the UCCJEA required the Missouri trial court to review court documents and other information supplied by the parties. Father and Mother were both obligated to inform the Missouri trial court of the Illinois trial court's order reaffirming its jurisdiction, and the Missouri trial court had a corresponding duty to consider the action of the Illinois trial court when determining whether its authority to assume jurisdiction over the child custody matter was limited by statute. Accordingly, we find no error in the Missouri trial court's review of the Illinois trial court order.

Mother further argues that the Illinois court order attached by Father and received by the Missouri trial court was an unauthenticated copy of said order, and therefore was not properly before the court. Mother provides no legal support for this assertion. Under Rule 84.04, "it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Hankins v. Reliance Automotive, Inc.,* 312 S.W.3d 491, 494 (Mo.App. E.D.2010) *(quoting Blakey v. AAA Prof'l Pest Control, Inc.,* 219 S.W.3d 792, 794 (Mo.App. E.D.2007)).

Mother fails to support this point with any relevant authority or argument for her claim that the document was unauthenticated and, therefore, this point is not properly before the court. "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Carlisle v. Rainbow Connection, Inc.,* 300 S.W.3d 583, 586 (Mo. App. E.D.2009). Point Two is denied.

### III. Simultaneous Proceedings

In her final point on appeal, Mother asserts that the trial court erred in granting Father's motion to dismiss because the scheduled review of Mother's supervised visitation by the Illinois trial court did not constitute a simultaneous proceeding under Section 452.765 so as to limit a Missouri court's authority to exercise jurisdiction. Alternatively, Mother argues that even if the scheduled review constituted simultaneous proceedings, then the Missouri trial court erred in failing to first communicate with the Illinois trial court as mandated by statute before dismissing her motion to modify.

Section 452.765.1 states:

[A] court of this state shall not exercise its jurisdiction under sections 452.740 to 452.785 if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child had been previously commenced in a court of another state having jurisdiction ... unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum...."

Section 452.765.1.

Section 452.765.2 provides that a Missouri court, prior to hearing a child custody proceeding, shall examine court documents and other information supplied by the parties to determine whether a child custody proceeding was previously com-

menced in another state having jurisdiction. If so, the Missouri court shall stay its proceeding and communicate with the court of the other state. Section 452.765.2. If the other state does not determine Missouri is a more appropriate forum, the Missouri court shall dismiss the proceeding. *Id.*

Although Missouri courts have yet to interpret Section 452.765, the Comment to UCCJEA Section 206 on Simultaneous Proceedings provides guidance. The Comment notes that the problem of simultaneous proceedings is no longer as significant an issue as it had been under the former Uniform Child Custody Jurisdiction Act (UCCJA). *See* Comment to UCCJEA Section 206. Like the UCCJEA, the UCCJA provided that a state court has jurisdiction to make a child custody determination if it is the home state of the child or had been the home state of the child within six months before commencement of the proceeding and the child is absent but a parent continues to live in the state. However, the UCCJA also provided that a state could make an initial custody determination if it was in the best interest of the child that a court of that state assume jurisdiction because the child and the child's parents had a significant connection with the state. *See* Comment to UCCJEA Section 201. As a result, under this statutory scheme two or more states could plausibly exercise concurrent jurisdiction.

The revised UCCJEA eliminates the "best interest of the child" analysis and prioritizes home state jurisdiction. *See* UCCJEA Section 201; Comment to UCCJEA Section 206. Under the revised UCCJEA, if there is a home state or a state that had been a home state within six months prior to the commencement of the proceeding, and the home state has not declined to exercise its jurisdiction, there can be no other state with the authority to

exercise jurisdiction and, therefore, no simultaneous proceedings. *See* Comment to UCCJEA Section 206; Section 452.740. Under the revised provisions of the UCCJEA as adopted in both Missouri and Illinois, where one state has exclusive, continuing jurisdiction, another state may not exercise concurrent jurisdiction. *See* Comment to UCCJEA Section 206. In fact, under the UCCJEA, the potential conflict of simultaneous proceedings in different states will only arise if there is no home state, no state with exclusive, continuing jurisdiction, and more than one state with significant connections. *Id.*

Under the UCCJEA as adopted by Illinois, an Illinois court that makes a child custody determination because it was the home state within six months before the commencement of the proceeding has exclusive, continuing jurisdiction over the determination until (1) an Illinois court determines that the child and the child's parents do not have a significant connection with the state and substantial evidence is no longer available regarding the child's care; or (2) an Illinois court or a court of another state determines that the child and the child's parents do not presently reside in the state. 750 Ill. Comp. Stat. 36/202 (2004). Missouri has a corresponding statutory provision recognizing exclusive, continuing jurisdiction. *See* Section 452.745.1.

Here, the Illinois trial court has found that Illinois had been the children's home state within six months before Father filed his petition for permanent custody. Illinois also had exclusive, continuing jurisdiction per 750 Ill. Comp. Stat. 36/202 (2004) in that the Illinois trial court made a child custody determination as the children's home state and later affirmed that jurisdiction, finding that Mother's sworn residence was in Peoria, Illinois. Because Illinois had been the children's home state and maintained exclusive, continuing juris-

diction, the issue of simultaneous proceedings is inapplicable to the facts of this case. Given this statutory directive, the Missouri trial court did not err when it declined to exercise its authority and assume jurisdiction over the child custody proceeding under the UCCJEA; therefore, the Missouri trial court was not required to determine whether any simultaneous proceedings had commenced. Point Three is denied.

*Conclusion*

After reviewing the record, we find that the Missouri trial court did not err in granting Father's motion to dismiss or in considering the order of the Illinois court affirming its jurisdiction over the child custody issue between Mother and Father. The Missouri trial court properly recognized the statutory limitation of its authority to assert jurisdiction under Section 452.760. We also find that Section 452.765 regarding simultaneous proceedings is not applicable to the facts of this case. Accordingly, the Missouri trial court's judgment is affirmed.

LAWRENCE E. MOONEY, P.J., and PATRICIA L. COHEN, J., concur.