**Joshua DeWITT, Appellant,**

v.

**Esmeralda LECHUGA, Respondent.**

**No. WD 75266.**

Missouri Court of Appeals,
Western District.

Feb. 26, 2013.

Lauri J. Laughland, Grandview, MO, for Appellant.

Esmeralda Lechuga, Costa Mesa, CA, Respondent, pro se.

Before Division I: MARK D. PFEIFFER, Presiding Judge, and VICTOR C. HOWARD and ALOK AHUJA, Judges.

MARK D. PFEIFFER, Presiding Judge.

Joshua DeWitt ("Father") appeals the judgment of the Circuit Court of Jackson County, Missouri ("trial court"), which dismissed without prejudice[1] Father's Pe-

1. "A reviewing court has a duty to determine its jurisdiction sua sponte." *Chromalloy Am.*

tition for Declaration of Paternity, Order of Custody, Visitation, and Support ("Petition") for lack of personal jurisdiction over the minor child ("Child"). The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with our ruling today.

## Factual and Procedural History

Father filed his Petition[2] on June 28, 2011. Father alleged in his Petition that he and Child's mother, Esmeralda Lechuga ("Mother"), resided in Jackson County, Missouri, at the time Father filed his Petition. Father also alleged that he and Mother had engaged in sexual intercourse in Jackson County, Missouri, and as a result of such sexual intercourse, Mother gave birth to Child on September 30, 2010, in the State of California. At the time the Petition was filed, Father did not know the address of Child, but did not dispute that Child was born in California and has resided in California since birth. Pursuant to DNA testing sought and obtained by the California Department of Child Support Services, it was determined that Father is the biological father of Child. Father requested in his Petition, among other things, that the trial court: declare the paternity of Child; grant Father legal and physical custody of Child, with reasonable supervised visitation to Mother; and award child support.

Mother answered, in pertinent part, that Child was born in and had always resided in California and had never resided in Missouri. To her responsive pleading, Mother attached documents dated November 5, 2010, from the California Department of Child Support Services reflecting Mother's efforts in the State of California to establish Father's paternity of Child and Father's corresponding child support obligations, which led to Mother's administrative enforcement proceedings in Missouri.[3]

*Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). "The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." *Id.* However, an appeal from a dismissal without prejudice can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum. *Id.* In this case, although the trial court's dismissal was without prejudice, the judgment had the practical effect of terminating the litigation in Father's chosen forum; thus, the judgment is final and appealable. *See id.*

2. Father filed the petition on behalf of himself and, purportedly, on behalf of Child as Child's next friend. However, Father is not Child's guardian, nor did the trial court appoint him as Child's next friend. *See* Rule 52.02. Accordingly, Father's petition was not properly brought in his alleged capacity of Child's next friend; therefore, we will consider Father's claims only as they apply to him individually. *Wilson v. Cramer*, 317 S.W.3d 206, 208 n. 3 (Mo.App. W.D.2010).

3. Documents in CaseNet in Case No. 1116–MC22446, confirm that Mother pursued an administrative action through the Missouri Department of Social Services, Family Support Division, against Father for child support. The administrative hearing officer found that Father is the parent of Child, directed the Bureau of Vital Statistics to enter Father's name on the birth record of Child, ordered Father to pay $453.00 per month child support beginning on November 15, 2011, and provide medical insurance for Child. The administrative hearing decision and order was certified to the Circuit Court of Jackson County, Missouri, and the circuit court entered judgment on December 31, 2011, ordering Father to pay child support and medical support.

We note that the Division's order was not a judgment on the merits on the issue of paternity. Our Supreme Court has held that, "[a]lthough section 454.490 gives a docketed administrative order the 'force, effect and attributes' of a circuit court order, the statute does not provide that, upon docketing, the order becomes a judgment of the circuit

On October 11, 2011, the trial court appointed a guardian *ad litem* and next friend to represent the interests of Child.

The trial court scheduled multiple hearings for the parties to present briefing and argument regarding jurisdictional issues.

Thereafter, on March 2, 2012, the trial court entered its judgment, finding that it did not have jurisdiction over Child and dismissing the matter without prejudice. Father filed a motion for reconsideration, which was denied by the trial court.

Father appeals.

## Standard of Review

Matters of jurisdiction are reviewed *de novo*. *K.M.J. ex rel. I.G.M. v. M.A.J.*, 363 S.W.3d 172, 175 (Mo.App. E.D.2012).

## Analysis

In his sole point, Father asserts that the trial court erred in dismissing his petition for lack of jurisdiction because under Missouri's Uniform Parentage Act ("UPA"), §§ 210.817 to 210.852,[4] and the Uniform Interstate Family Support Act ("UIFSA"), §§ 454.1500 to 454.1728, the trial court had subject matter jurisdiction and personal jurisdiction over the parties. In its judgment, the trial court stated that it did "not have jurisdiction over the minor child in this matter" and, therefore, dismissed Father's action without prejudice. Mother contends that the trial court did not err in dismissing Father's petition for lack of jurisdiction because under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), §§ 452.700 to 452.930,[5] California is Child's home state and has jurisdiction over Child, and Missouri courts do not have subject matter or personal jurisdiction over the parties.

▮ Missouri courts recognize two types of jurisdiction—personal jurisdiction and subject matter jurisdiction—and both are based on constitutional provisions. *[Webb] ex rel. [J.C.W.] v. Wyciskalla*, 275 S.W.3d 249, 252 (Mo. banc 2009). Article V of the Missouri Constitution governs subject matter jurisdiction, and grants circuit courts "original jurisdiction over all cases and matters, civil and criminal." Mo. CONST. art. V, § 14. This is a civil case; therefore, the trial court had constitutionally vested subject matter jurisdiction over the matters of paternity, child support, and child custody. *Hightower v. Myers*, 304 S.W.3d 727, 733 (Mo. banc 2010). However, the circuit court's constitutionally granted subject matter jurisdic-

court." *State v. Salazar*, 236 S.W.3d 644, 647 (Mo. banc 2007) (quoting *State ex rel. Hilburn v. Staeden*, 91 S.W.3d 607, 611 (Mo. banc 2002)). "The docketed order can be enforced by the circuit court, but it cannot become an actual judgment of the circuit court absent judicial review." *Id*. There was no judicial review of the order finding Father financially responsible for Child. "Consequently, the docketed order is not a final judgment of the circuit court." *Id*. "Holding otherwise would impermissibly substitute an executive branch agency determination for the independent power of the circuit court to render final judgments." *Id*.

"Thus, although an order of the Division may be *enforced* to the same extent as a circuit court judgment, § 454.490.1, an order

from the Division has no preclusive effect on subsequent litigation on the issue of paternity." *Wilson*, 317 S.W.3d at 212.

4. Unless otherwise indicated, all statutory citations are to the Revised Statutes of Missouri 2000, as updated through the 2010 Cumulative Supplement.

5. "The UCCJA[, sections 452.440 to 452.550 (repealed by L.2009 H.B. 481 § A),] is not the current law of Missouri. Rather, the Missouri General Assembly enacted the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) in 2009. Sections 452.700 to 452.930. It became effective August 28, 2009." *Hightower v. Myers*, 304 S.W.3d 727, 732 n. 4 (Mo. banc 2010).

tion differs from the circuit court's statutory authority to grant relief in a particular case. *Ketteman v. Ketteman,* 347 S.W.3d 647, 654 (Mo.App. W.D.2011). The jurisdictional provisions of the UPA, the UIFSA, and the UCCJEA do not remove subject matter jurisdiction from the circuit court over the matters of paternity, child support, and child custody; instead, those provisions "provide guidance to a trial court regarding the exercise of its authority to assert its jurisdiction over a [matter] because of the statutory limitations." *Al–Hawarey v. Al–Hawarey,* 388 S.W.3d 237, 243 (Mo.App. E.D.2012).

Multiple uniform laws with different jurisdictional predicates address paternity and interstate issues of child support and custody. The UPA addresses parentage; the UIFSA addresses parentage and child support; the UCCJEA addresses custody and visitation. Therefore, we must examine the interplay among the UPA, the UIFSA, and the UCCJEA.

 The fundamental goal of the UPA is to establish " 'uniformity among paternity determinations across the state,' " *Fry v. Fry (In re Marriage of Fry),* 108 S.W.3d 132, 135 (Mo.App. S.D. 2003) (quoting *Piel v. Piel,* 918 S.W.2d 373, 375 (Mo.App. E.D.1996)), though it is not the exclusive method for determining parentage in Missouri. *White v. White,* 293 S.W.3d 1, 12 (Mo.App. W.D.2009). Section 210.829.1 states that an action brought under the UPA "may be joined" with an action for "dissolution of marriage, annulment, separate maintenance, support, custody or visitation." Section 210.841.3 provides that a judgment in a UPA proceeding "may contain any other provision directed against the appropriate party to the proceeding" concerning support, custo-

dy, visitation, the furnishing of a bond, or "[a]ny matter in the best interest of the child." However, this provision does not independently authorize the grant of relief beyond a determination of paternity; it simply specifies what *may* be included in a judgment when the UPA action is joined with other actions. *State ex rel. Dep't of Soc. Servs. v. Hudson,* 158 S.W.3d 319, 326 (Mo.App. W.D.2005).

Father argues that Mother is subject to personal jurisdiction under section 210.829.2 of the UPA by engaging in sexual intercourse in Missouri. Section 210.829.2 of the UPA provides that: "A person who has sexual intercourse in this state thereby submits to the jurisdiction of the courts of this state to an action brought under sections 210.817 to 210.852 with respect to a child who may have been conceived by that act of intercourse." This subsection "provides a novel … extension of the 'long arm' concept." UNIF. PARENTAGE ACT (1973) § 8, 9B U.L.A. cmt. at 429 (2001).

Father also argues that Mother is subject to personal jurisdiction under section 454.1515 of the UIFSA by engaging in sexual intercourse in Missouri. The UIFSA is an alternative statutory method outside of the UPA for determining paternity and support issues, such that section 210.844 of the UPA provides that specified provisions of the UPA[6] are applicable to UIFSA determinations of paternity and that "no other provisions of [the UPA] shall apply" in such actions. The UIFSA only addresses child support and paternity issues. *Lunceford v. Lunceford,* 204 S.W.3d 699, 702 (Mo.App. W.D.2006); *Straight v. Straight,* 195 S.W.3d 461, 464 (Mo.App. W.D.2006). Under the UIFSA:

---

**6.** Sections 210.817 (definitions), 210.822 (presumption of paternity and rebuttal of presumption), 210.823 (acknowledgment of pa-ternity), and 210.836 (evidence relating to paternity).

[i]n a proceeding to establish or enforce a support order or to determine parentage of a child, a tribunal of this state may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if:

. . . .

(6) the individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse[.]

§ 454.1515(a)(6). This subsection (6), which is derived from the UPA (1973) Section 8, provides a factual "affiliating nexus" for the assertion of long-arm jurisdiction over a nonresident individual for purposes of determining parentage or establishing a support order. INTERSTATE FAMILY SUPPORT ACT (2001) § 201, 9 PART IB U.L.A. cmt. at 185–86 (2005).

 Father has alleged, and Mother has not denied, that they engaged in sexual intercourse in Missouri and that Child may have been conceived by that act of intercourse. Thus, the trial court had the statutory authority to make a paternity determination.

Because the UIFSA deals strictly with paternity and child support issues, we must look to the UCCJEA to determine whether the trial court has statutory authority to make an initial *custody* determination regarding Child. *Al–Hawarey*, 388 S.W.3d 237, 243. This analysis may well result in bifurcated adjudications, where one state adjudicates paternity and child support and another state adjudicates custody and parenting time.

 Section 452.740.1 of Missouri's version of the UCCJEA is the exclusive basis for determining whether the trial court is authorized to make a child custody determination. § 452.740.2. Section 452.740.1 provides that:

Except as otherwise provided in section 452.755 [temporary emergency jurisdiction if child has been abandoned or is threatened with or subjected to mistreatment or abuse], a court of this state has jurisdiction to make an initial child custody determination only if:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months prior to the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state[.]

(2) A court of another state does not have jurisdiction under subdivision (1) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 452.770 or 452.775, and:

(a) The child and the child's parents, or the child and at least one parent or person acting as a parent have a significant connection with this state other than mere physical presence; and

(b) Substantial evidence is available in this state concerning the child's care, protection, training and personal relationships;

(3) All courts having jurisdiction under subdivisions (1) and (2) of this subsection have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 452.770 or 452.775; or

(4) No state would have jurisdiction under subdivision (1), (2) or (3) of this subsection.

Under this section, "home state jurisdiction" is prioritized over other "jurisdictional" bases. UNIF. CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (1997) § 201, 9 PART IA U.L.A. cmt. at 672 (1999). "Home

state" is defined in section 452.705(8) as "the state in which a child has lived with a parent or a person acting as a parent for at least six consecutive months immediately prior to the commencement of a child custody proceeding."

Father argues that *although Child was not present in Missouri when Father's petition was filed, or within the preceding six months,* Missouri is still the *home state* of Child because both of Child's parents resided in Missouri when the petition was filed on June 28, 2011, and as provided in section 452.740.3, Child is not required to be physically present in the state. While Mother denies that she was a resident of Missouri at the time Father filed his Petition, Mother's residency in this case has no bearing on Child's residency, which is—undisputedly—the State of California. Father's argument is nothing more than an attempt to ignore the priority of "home state jurisdiction" by bootstrapping his argument to a subsection (§ 452.740.3) of section 452.740 that *only* applies if courts with a home state nexus have declined to exercise jurisdiction, § 452.740.1(1), and the court from a state of another "more appropriate forum" has also declined to exercise jurisdiction, § 452.740.1(2).[7] Father has made no such allegations nor has he offered any evidence to support such a jurisdictional argument pursuant to section 452.740.3.

Alternatively, Father misconstrues the "home state jurisdiction" provision of section 452.740.1. The six-month extended home state provision of section 452.740.1 provides that "home state jurisdiction" continues for six months after a child is removed from the state but a parent con-

tinues to reside in the home state. UNIF. CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (1997) § 201, 9 PART IA U.L.A. cmt. at 672 (1999). The child may not physically be in the state when the parent residing in the home state brings the custody action within six months of the child's removal; but for the home state provision to apply, *the child had to reside in the state prior to removal.* In this case, there is no allegation or evidence in the record that Child has ever resided in Missouri, let alone that Missouri had ever been the Child's home state. The parties do not dispute that Child was born in California and has resided in that state since his birth; thus, California is Child's home state, and there is no allegation or evidence that the courts of the State of California refuse to exercise jurisdiction over Child. To the contrary, it is undisputed that the California Department of Child Support Services sought and obtained a California court order compelling paternity testing of Child.[8] Therefore, the Missouri trial court does not have statutory authority to assert its jurisdiction to make a child custody determination in this case. Because our conclusion that California is Child's home state is dispositive of Father's remaining arguments, we need not address them.

### Conclusion

Because California is the home state of Child and California has not declined to exercise jurisdiction, the trial court did not have jurisdiction pursuant to the UCCJEA to determine child custody; therefore, the judgment of the trial court dismissing without prejudice Father's petition as to

---

7. A "significant connection state" may assume jurisdiction only when there is no home state or when the home state decides that the significant connection state would be a more appropriate forum. UNIFORM CHILD CUSTODY

JURISDICTION AND ENFORCEMENT ACT (1997) § 201, 9 PART IA U.L.A. cmt. at 672 (1999).

8. California has enacted the UCCJEA. *See* West's Ann. Cal. Fam.Code § 3400.

child custody is affirmed. However, the judgment of the trial court dismissing without prejudice Father's petition as to a declaration of paternity is reversed, and the cause is remanded to the trial court with directions to reinstate the case as to that issue and to conduct further proceedings consistent with this opinion.[9]

VICTOR C. HOWARD and ALOK AHUJA, Judges, concur.

9. Father had also requested that the trial court order Mother to pay child support. However, until a custody determination is made by a court in the proper forum, we need not and do not decide whether the trial court has the statutory authority to make a child support award under the UIFSA.