**John T. HIGHTOWER, Respondent,**

v.

**Melissa Ann MYERS, et al., Appellant.**

**No. SC 89951.**

Supreme Court of Missouri,
En Banc.

March 9, 2010.

---

Ronald Ribaudo, Lake St. Louis, MO, for appellant.

Michelle N. Higinbotham, Higinbotham & Higinbotham, Belton, MO, for respondent.

PATRICIA BRECKENRIDGE, Judge.

Melissa Ann Myers (Mother) appeals from a 2007 judgment modifying the child custody and support provisions for the parties' child. The trial court found that it was in the best interest of the child to modify the parenting plan so that the address of the child's father, John T. Hightower (Father), is designated as the residence of the child for school and mailing purposes and that Father have physical custody of the child during the school year. The trial court also ordered Mother to pay child support of $87 per month. Mother asserts on appeal that the trial court lacked subject matter jurisdiction to enter the modification decree in 2007 as well as the initial decree in 2003. She also claims that the trial court's finding that a continuing and substantial change of circumstances made a custody modification in the best interests of the child was not supported by substantial evidence, was against the weight of the evidence, or was the result of the court's misapplication of

the law. Because there was subject matter jurisdiction to enter the 2003 initial decree and 2007 custody modification and no error in the modification of the custody provisions, the trial court's judgment is affirmed.

### Facts and Procedural Background

In 1999, Father and Mother had a child in Kansas City, Kansas. They lived in Kansas City, Missouri, from June 2000 through May 13, 2001. When the relationship between the parents ended, Mother moved to New Jersey with the assistance of Father. By agreement, the two exchanged custody of the child, who resided with Father from June 23, 2001, through August 12, 2001, (51 days) and November 17, 2001, through December 23, 2001 (36 days).

In January 2002, Father filed a petition for a declaration of paternity and custody of the child in the Jackson County circuit court. Mother filed a motion to dismiss for lack of personal jurisdiction. She later dismissed her motion when the parties reached an agreement regarding custody and support. On August 25, 2003, the court entered an amended judgment and order of paternity, a parenting plan, and an award of child support. In the 2003 judgment, the court declared Father to be the child's father. The court granted joint legal and physical custody of the child to Father and Mother, with Mother being designated the child's primary physical custodian.[1] The court also ordered Father to pay $500 per month in child support.

Under the parenting plan, Father was to have custody of the child for Thanksgiving and spring breaks in even-numbered years and Christmas breaks in odd-numbered years. He also was to have custody of the child for six weeks in the summer. Father was to pay the cost of transportation of the child and, while the child required a chaperone, the cost of Mother's travel so she could accompany the child on the trip to Kansas City.[2] Although Father received custody of the child as ordered in the summers, the only other custody time he received between 2003 and 2006 was one Christmas break. Mother failed to put the child on the airplane for Christmas break 2005 and again refused to allow the child to fly to Orlando in the spring of 2006 for a trip to Disney World, which was planned as make-up parenting time for Father. She also regularly denied Father telephone access to the child and did not provide him with academic report cards or school pictures.

Mother changed residences five times while she lived in New Jersey. She did not provide Father with the required notice of the moves or the child's new addresses and the names of the schools the child was going to attend. With regard to her living arrangements, Mother's boyfriend and two of his three sons moved in with her and the child in June 2003.[3]

In July 2006, Mother told Father that she might be moving to Georgia with her boyfriend, who signed a lease August 5, 2006, to rent a house in Georgia. Mother and the child moved to Georgia the same month. Mother, who was employed in New Jersey, had not secured a job in Georgia when she moved. She did not provide Father with the required 60–day advance notice of her proposed relocation.

---

**1.** Legal custody may be either "joint" or "sole." Section 452.375.1(1). Designation of physical custody as "primary" is erroneous. *Malawey v. Malawey*, 137 S.W.3d 518, 525 (Mo.App.2004).

**2.** Father would accompany the child back to New Jersey.

**3.** Mother now is married to this boyfriend.

Although the child's new second grade in Georgia started classes August 7, 2006, the child was not enrolled in school and did not begin classes until September 6, despite the fact that second grade was scheduled to take standardized tests beginning September 15.

On July 20, 2006, Mother requested that Missouri's department of social services' family support division review the parties' case for an increase in Father's support obligation. On September 5, 2006, Father filed a motion to modify the 2003 custody agreement in the Jackson County circuit court, requesting that custody of the child be transferred to him and that Mother be ordered to pay him child support. Mother filed a pro se pleading, captioned "Objection to Motion to Modify Custody, Visitation and Support." In said pleading and at trial, Mother did not challenge the court's jurisdiction over her or the proceedings. After a trial, the court found that it had jurisdiction "over all custody issues involving the minor child, under the UCCJA, [section] 452.450[.1](2) RSMo, in that it is in the best interest of the child that this court assume jurisdiction because the minor child and [Father] have a significant connection [with] this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships." The court added that Missouri is the most appropriate forum because of "[Mother's] recent relocation from ... New Jersey to ... Georgia without proper notice being given to [Father]." The court granted Father's motion, maintaining joint physical and legal custody, changing the child's primary residency to Missouri with Father, and ordering Mother to pay child support of $87 per month.

Mother moved for a new trial. The trial court overruled the motion and issued additional findings of fact and conclusions of law. In its additional findings, the trial court found that Mother had moved to Georgia in August 2006 and that New Jersey was no longer the child's home state. The court stated that had Mother not moved, New Jersey would have been the forum with the most evidence concerning the child's present and future care. Relocation to Georgia made Missouri the most appropriate forum because the child had a substantial connection to Missouri and more evidence would be present in Missouri than in Georgia. Ultimately, the trial court found that "there was a factual and legal basis for this court's assuming subject matter jurisdiction over the custody proceedings under Section[s] 452.450.1(2) and (4)."

Mother appeals, raising three points. In her first point, she argues that the trial court lacked subject matter jurisdiction to enter judgment for custody and support in the 2003 paternity action because the child's permanent residence had been in New Jersey for more than six months. In her second point, she claims that the trial court lacked subject matter jurisdiction to enter its 2007 modification because, on the date Father's motion to modify was filed, the child's home state was New Jersey. In her third point, she asserts that the trial court's finding that the continuing changed circumstances of the parties and the best interests of the child warranted a modification of residential custody was not supported by substantial evidence, was against the weight of the evidence, and was a misapplication of the law. After opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

**Standard of Review**

In a court-tried case, the trial court's judgment will be affirmed unless there is no substantial evidence to support

it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). This Court views the evidence and permissible inferences drawn from the evidence in the light most favorable to the judgment. *Suffian v. Usher,* 19 S.W.3d 130, 136 (Mo. banc 2000). This Court gives even more deference to the trial court's judgment in a custody matter than in other matters. *Id.*

### Jurisdictional Challenges

■ Mother's first two points raise claims that the Missouri court lacked subject matter jurisdiction when it entered the initial 2003 paternity judgment awarding custody and support and the 2007 modification judgment modifying the custody and support awards. Specifically, she argues that the trial court lacked "subject matter jurisdiction" under the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA). Sections 452.440 to 452.550 (repealed by L.2009 H.B. 481 § A).[4]

■ The UCCJA provides that a court "has jurisdiction to make a child custody determination by initial or modification decree" if one of four prerequisites are met:

(1) This state:

(a) Is the home state of the child at the time of commencement of the proceeding; or

(b) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reasons, and a parent or person acting as

parent continues to live in this state; or

(2) It is in the best interest of the child that court of this state assume jurisdiction because:

(a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and

(b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in the state and:

(a) The child has been abandoned; or

(b) It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse, or is otherwise being neglected; or

(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

Sections 452.450.1(1)-(4). These four jurisdictional bases commonly are referred to as home state, significant connection, emergency, and default or vacuum. *In re S.M.,* 938 S.W.2d 910, 917 (Mo.App.1997).

---

4. Unless otherwise indicated, all statutory citations are to RSMo 2000. The UCCJA is not the current law of Missouri. Rather, the Missouri General Assembly enacted the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) in 2009. Sections 452.700 to 452.930. It became effective August 28, 2009. For more information about the differ-

ences between the acts, see National Conference of Commissioners on Uniform State Laws, Uniform Child Custody Jurisdiction and Enforcement Act, art. II, sec. 201 comments (1997), *online at* http:/ /www.law.upenn.edu/bll/archives/ulc/fnact99/1990s/uccjea97.htm (accessed February 26, 2009, and available in the clerk of Court's case file).

Mother cites prior cases for the principle that the provisions of the UCCJA must be met for the Missouri court to have subject matter jurisdiction over a child custody proceeding. *Dept. of Soc. Serv. v. Hudson,* 158 S.W.3d 319, 323 (Mo.App. 2005); *In re Miller v. Sumpter,* 196 S.W.3d 683, 689 (Mo.App.2006). Those cases reiterate what this Court had previously declared: "[J]urisdiction under the UCCJA to hear custody matters is characterized as subject matter jurisdiction, which may not be waived, and may not be conferred by consent of the parties and must be based upon circumstances at the time the court's jurisdiction was invoked." *Pirisky v. Meyer,* 176 S.W.3d 145, 146 (Mo. banc 2005).

■ The analysis of "subject matter jurisdiction" in these cases is no longer valid law in light of this Court's recent decision in *J.C.W. ex rel. Webb v. Wyciskalla,* which stated that Missouri courts recognize two types of jurisdiction—personal jurisdiction and subject matter jurisdiction—and both are based on constitutional provisions. 275 S.W.3d 249, 252 (Mo. banc 2009). Subject matter jurisdiction is governed by article V of the Missouri Constitution. *Id.* Subject matter jurisdiction is a matter of "the court's authority to render a judgment in a particular category of cases." *Id.* at 253. The Missouri Constitution grants "original jurisdiction over all cases and matters, civil and criminal" to the circuit courts. Mo. Const. art. V, sec. 14. Subject matter jurisdiction is derived from the law and cannot be conferred by consent. *State ex rel. Lambert v. Flynn,* 348 Mo. 525, 154 S.W.2d 52, 57 (1941). When a court lacks subject matter jurisdiction, any action it takes is null and void. *Parmer v. Bean,* 636 S.W.2d 691, 694–95 (Mo.App. 1982), *overruled for other reasons by*

*McCracken v. Wal–Mart Stores East, LP,* 298 S.W.3d 473 (Mo. banc 2009).

■ This case is a civil case. Therefore, the trial court had constitutionally vested subject matter jurisdiction over the dispute. *See Wyciskalla,* 275 S.W.3d at 254. The circuit court's statutory or common law authority to grant relief in a particular case differs from the circuit court's constitutionally granted subject matter and personal jurisdiction. *McCracken,* 298 S.W.3d at 477. In this respect, the UCCJA jurisdiction provisions inform a court whether it lacks authority to modify custody because of the statutory limitations. In light of *Wyciskalla* and *McCracken,* this Court recognizes that the UCCJA provisions at issue do not remove subject matter jurisdiction from the court.

■ It was crucial that Mother successfully frame her claim for relief in terms of subject matter jurisdiction because subject matter jurisdiction may not be waived, may not be conferred by consent, and can be raised at anytime by any party or court, even in a collateral or subsequent proceeding. *Lambert,* 154 S.W.2d at 57; Rule 55.27(g)(3). Mother did not raise a challenge properly to the authority of the trial court in either the initial paternity proceeding or the modification proceeding, so her claims of error in her first and second points are unpreserved. Because the trial court had subject matter jurisdiction and any unpreserved claims are waived, she is not entitled to relief.

*Wyciskalla* stated, "When a statute speaks in jurisdictional terms or can be read in such terms, it is proper to read it as merely setting statutory limits on remedies or elements of claims for relief the courts may grant." 275 S.W.3d at 255. Unlike the statute analyzed in *Wyciskalla,* principles of personal jurisdiction and comity also seem to factor into UCCJA juris-

dictional provisions. *See Pirisky,* 176 S.W.3d at 147; UNIF. CHILD CUSTODY JURISDICTION ACT § 1, 9 U.L.A. 124 (1968). The concept of jurisdiction as applied to the UCCJA has confused and confounded both courts and scholars.[5] Because this Court has found that subject matter jurisdiction is established by the Missouri Constitution and cannot be removed by statutory provisions, *see Wyciskalla,* 275 S.W.3d at 255, it is not necessary to undertake further analysis of the issue.

■ Additionally, the evidence supports the trial court's finding that it had authority under section 452.450.1(2) or (4) to modify the custody decree. In the trial court's additional findings of fact and conclusions of law, it stated that Missouri was the most appropriate forum to render the custody modification. The trial court found that Mother had moved to Georgia in August 2006 and that New Jersey was no longer the home state of Mother and the child. Had Mother not moved, New Jersey would have been the forum with the most evidence concerning the child's present and future care. The relocation to Georgia made Missouri the most appropriate forum because the child had a substantial connection to Missouri and more evidence would be present in Missouri than in Georgia.

## Record Supports Judgment of Modification

■ Mother next asserts that the trial court's findings that she and the child had experienced continuing changed circumstances so substantial that a custody modification was necessary to serve the best interests of the child was not supported by substantial evidence, was against the weight of the evidence, or was a misapplication of the law.

■ The proper standard for modification of a joint physical custody judgment is found in section 452.410.1. *Russell v. Russell,* 210 S.W.3d 191, 194 (Mo. banc 2007). It states that a court "shall not modify a prior custody decree unless ... it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child." Section 452.410.1. Contrary to Mother's assertion, "the word 'substantial' does not appear in [the text] and should not be read into the statute[.]"[6] *Russell,* 210 S.W.3d at 194. Therefore, courts need not require a "substantial" change from the circumstances of the original judgment where the modification sought is simply a rearrangement in a joint physical custody. *Id.* at 197. Likewise, the statute authorizing modification of child custody judgments does not require that any change of circumstance be continuing; that is the standard for a modification of child support, not custody. Section 452.370.1; *Eaton v. Bell,* 127 S.W.3d 690, 696–97 (Mo.App. 2004).

An examination of the record shows that there is substantial evidence to support the trial court's finding of changes in circumstances occurring between 2003 and 2007 that warranted a modification of custody arrangements to further the best interests of the child. The trial court found several

---

5. For an exhaustive discussion of scholars' and courts' interpretation of UCCJA jurisdiction, see generally Barbara Ann Atwood, *Child Custody Jurisdiction and Territoriality,* 52 OHIO ST. L.J. 369 (1991).

6. A motion to change from joint custody to sole custody requires a showing that the change in circumstances is substantial. *Russell,* 210 S.W.3d at 194.

major changes. First, the trial court found that Mother has not maintained a stable living situation for the child. While Mother lived in New Jersey, she made five changes in residence. The relocations caused disruption in school enrollment and attendance. Mother also lacked stability in her employment and income while living in New Jersey. Mother then moved the child from New Jersey to Georgia because her boyfriend was moving there, despite no plan for her employment and negative consequences to the child from the move.

Additionally, Mother repeatedly failed to notify Father of her moves as required by the relocation statute, section 452.377, and the terms of the initial 2003 judgment. Section 452.377.12 provides that violation of a court order under the statute "may be deemed a change of circumstance under section 452.410, allowing the court to modify the prior custody decree."

The trial court also found that Mother has demonstrated a pattern of denying or refusing visitation to Father. The court found that she willfully and intentionally blocked or denied Father regular contact and parenting time for long periods of time. Despite the fact that the child had reached the age at which she was able to travel by airplane without a chaperone pursuant to airline regulations, Mother refused to permit the child to fly without a chaperone. Her refusal had the effect of denying Father parenting time.

The trial court also found that although Father made repeated and regular efforts to maintain daily telephone contact and regular visits, Mother thwarted and frustrated his efforts. The trial court found that this deprivation of parenting time seriously could jeopardize the father-child relationship. A custodian's denial of visitation rights to the non custodial parent can be a change in circumstances that may justify modification of custody, "especially where the evidence shows an unjustified and flagrant pattern of willful denial of visitation." *Searcy v. Seedorff,* 8 S.W.3d 113, 118 (Mo. banc 1999). This principle applies equally to joint custody situations. *Heslop v. Sanderson,* 123 S.W.3d 214, 223 (Mo.App.2003).

Although, the trial court found Mother to be a loving, devoted, and fit mother, the trial court found that she lacked a sincere interest in cooperating with Father or facilitating good parental relations. The legislature established the public policy in Missouri that frequent, continuing, and meaningful contact with both parents is in the best interest of the child and that any custody determination should further this policy. Section 452.375.4. The record supports the trial court's determination that Father best would facilitate this policy.

The trial court appropriately looked at the relevant factors enumerated in section 452.375.2 to determine custody in the best interest of the child and made the required written findings. *See Speer v. Colon,* 155 S.W.3d 60, 62 (Mo. banc 2005) (section 452.375.6 requires a trial court to issue written findings based on the public policy of section 452.375.4 and the factors enumerated in section 452.375.2(1) to (8) detailing the specific reasons that the court made the chosen arrangement). Although the trial court expressly did not consider the then 8–year–old child's wishes or custodial preference pursuant to section 452.375.2(8), the trial court still complied with section 452.375.2 because no evidence was adduced as to this factor at trial.

The trial court provided sufficient findings of fact and conclusions of law in its initial order modifying custody, its additional findings of fact and conclusions of law, and its ruling on Mother's motion for new trial to support that this modification

was in the child's best interest. Those findings of fact are supported by substantial evidence and are not against the weight of the evidence. The trial court did not misapply the law.

### Conclusion

Mother failed to raise and preserve timely her challenges to the trial court's UCCJA jurisdiction over the 2003 and 2007 custody disputes, thereby waiving the claims. Moreover, the trial court's judgment to modify the custody decree is supported by substantial evidence and is not a result of a misapplication of the law. Therefore, the trial court's judgment is affirmed.

All concur.