

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| In re the Marriage of Matthew Witt and Elizabeth Witt | ) | |
| | ) | |
| MATTHEW WITT, | ) | |
| Petitioner-Respondent, | ) | |
| vs. | ) | No. SD34020 |
| ELIZABETH WITT, | ) | Filed April 29, 2016 |
| Respondent-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF BARRY COUNTY

Honorable Robert J. Foulke, Associate Circuit Judge

REVERSED AND REMANDED IN PART WITH INSTRUCTIONS; AFFIRMED IN PART

Matthew Witt (Father) and Elizabeth Witt (Mother) filed motions to modify custody and child support for their three children. The trial court awarded the parties joint legal custody and joint physical custody of the three children, designated Father's address as L.J.W. and Z.F.W.'s address for mailing and educational purposes, designated Mother's address as P.F.W.'s address for mailing and educational purposes, and determined that neither party should pay child support.[1] Mother appeals the trial court's judgment, raising four points: (1) "[t]he trial court erred in ordering neither party to pay child support because the court did not attach and

---

[1] The term "residential parent" is hereinafter used in this opinion solely to refer to the parent whose address has been designated by the trial court as the referenced child's or children's address for mailing and educational purposes.

incorporate a correct Form 14 to its written judgment and did not find for the record the presumed amount of child support"; (2) "[t]he trial court erred in rebutting as being unjust and inappropriate the presumed amount of child support as calculated by the parties"; (3) "[t]he trial court erred in denying appellant's Motion for Contempt because [Mother] established a prima facie case of contempt and [Father] did not prove to the court that his noncompliance was not an act of contumacy"; and (4) "[t]he trial court erred when it admitted into evidence Exhibits 12, 12A, 12B, and 12C because these documents did not qualify for the business records exception to the hearsay rule[.]"  Finding merit in Mother's first point and, therefore, her second point moot, we reverse the trial court's judgment as to child support and remand the cause with directions.  Finding no merit in Mother's third and fourth points, however, we affirm the judgment in all other respects.

## Standard of Review

We review this court-tried case under the standard set forth in **Murphy v. Carron**, 536 S.W.2d 30, 32 (Mo. banc 1976).  **Hightower v. Myers**, 304 S.W.3d 727, 731 (Mo. banc 2010). We will affirm the trial court's judgment of modification unless there is no substantial evidence to support the judgment, the judgment is against the weight of the evidence, or the trial court erroneously declares or applies the law.  **Id.**  We view the evidence and all inferences therefrom in the light most favorable to the judgment.  **Id.** at 732.

## Factual and Procedural Background

Father and Mother have three children together:  L.J.W., born in January 1998; Z.F.W., born in May 2003; and P.F.W., born in April 2007.  The parties' marriage was dissolved[2] in 2011, and their initial custody arrangement was by agreement.  Under that arrangement, Father

---

[2] Both Mother and Father have remarried.  We refer to Mother's current husband as "Stepfather" and Father's current wife as "Stepmother."

was designated the residential parent of L.J.W. and Mother was designated the residential parent of Z.F.W. and P.F.W. Neither party paid child support, but Father was required to pay medical expenses for all of the children.

In January of 2013, Mother moved to modify child support, and Father responded with a motion to modify the address for mailing and educational purposes of Z.F.W. and P.F.W. from Mother's address to his address. Mother later filed a motion for contempt, alleging that Father had failed to pay $1,091.79 in medical expenses as required by the initial parenting plan and dissolution judgment.

At a hearing on their motions, Father testified that Z.F.W. was examined by Dr. Kellenberger concerning a specific medical diagnosis. Dr. Kellenberger's report was admitted without objection as Exhibit 12. A report from a Dr. Bochtler, contained within Dr. Kellenberger's already-admitted report, Exhibit 12, was also admitted separately later in the trial as Exhibits 12A, 12B, and 12C, again without objection.

Following Dr. Kellenberger's evaluation of Z.F.W., Mother requested that Z.F.W. have a second evaluation by Dr. Hopkins. Father told Mother he "didn't believe that [Z.F.W.] needed another evaluation this soon after the last one and that she was welcome to have it done if she wanted to but [Father] was not going to pay for it because [Father] didn't feel it was necessary." Mother, nevertheless, pursued Dr. Hopkins' evaluation, and Father refused to pay the $600 fee resulting from that appointment.

After the dissolution, Mother had once returned a check for medical expenses in the amount of $26.89 to Father because Father had endorsed the check to "Liz Brown" instead of

3

"Witt." [3]  Mother had previously accepted checks endorsed to "Liz Brown," and Father refused to rewrite the check to "Elizabeth Witt."

Mother testified that although her motion for contempt alleged that Father owed $1,091.79 in medical expenses, she had received some payments after it was filed.  She believed that, at a minimum, she was still owed $626.89, which consisted of the $600 for Dr. Hopkin's evaluation and $26.89 for the check made payable to "Liz Brown."

Father submitted two Form 14s for the trial court's consideration.  Both were premised upon Father having a monthly income of $3,540, Mother having a monthly income of $1,326, and Father paying $150 monthly for health insurance.  Exhibit 21 calculated a presumed child support amount of $427 for Mother to pay to Father on behalf of all three children.  Exhibit 22 was submitted in the alternative and calculated that, if Mother remained the residential parent of P.F.W., Father's presumed child support payable to Mother was $197.  Mother submitted her Form 14s as Exhibit A for the trial court's consideration premised upon Father having a monthly income of $3,920, Mother having a monthly income of $800, and Father paying $141 monthly for health insurance.  Mother's Form 14s calculated Father's presumed child support for two children (Z.F.W. and P.F.W.) to be $961 with an offset of $91 (presumed support of Mother for L.J.W.), leaving Father paying Mother presumed net child support of $870.

The trial court found that "there has been a significant change in circumstances since the date of the parties' dissolution of marriage that warrants a change in the previous judgment regarding custody" and, although the "parties have had very little communication regarding the welfare of the children[,]" "[j]oint [p]hysical and [j]oint [l]egal [c]ustody is still in the best interests of the children."  The trial court considered all of the required statutory factors and

---

[3] At the time of the hearing, Mother had never legally changed her last name from Witt, but the transcript reflects that Mother prefers to be called "Elizabeth Witt Brown."

4

found them all to be neutral save two that weighed in favor of Father becoming Z.F.W.'s residential parent. Specifically, the trial court found that it was in the best interests of Z.F.W. for him to reside with Father during the school year because Mother and Stepfather had indicated "that [Z.F.W.] is having difficulties with his relationship with [P.F.W.] and [they] need time and distance apart from each other for a healthy relationship between the brothers[,]" and Z.F.W. continued to have "emotional and behavioral difficulties" and "periods of decompression[.]" Therefore, the trial court determined that "[L.J.W.] and [Z.F.W.]'s address for mailing and educational purposes shall be at the home of [Father]. The minor child [P.F.W.]'s address for mailing and educational purposes shall be at the home of [Mother.]"

Concerning child support, the trial court found that "[t]he presumed correct child support . . . calculated by each party is rebutted as being unjust or inappropriate" and ordered "neither party is to pay child support." The trial court further ordered both parties to furnish health insurance coverage and to be "jointly and severally liable for all of the reasonable and necessary medical, hospitalization, prescription drug, optical, dental, and orthodontic expenses or charges incurred for the minor children that are not covered by any health benefit plan coverage[.]" The judgment also denied all other pending motions, including Mother's motion for contempt.

The parties filed a "JOINT MOTION TO RECONSIDER, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL"[4] arguing that the trial court's determination that neither party pay support was erroneous because "the Court failed to make a specific finding as to the presumed amount of support; likewise, the court did not enter its own Form 14 nor did it include specific factors which would support a deviation." The motion also alleged that the trial court "denied Mother's request for unpaid medical expense reimbursement but failed to include findings on

---

[4] Father stated that although "he does not agree to all averments herein," he joined in the request "insofar as he is in agreement that the Judgment should be set aside to permit clarification and incorporation of stipulations between the parties."

this issue, including specific findings as to any just cause why Father should not be held in Contempt[.]" The parties' motion was denied, and this appeal followed.

## Discussion

For ease of analysis, we address Mother's points out of order.

### *Alleged Evidentiary Errors Not Preserved for Appellate Review*

Mother's fourth point relied on states:

> The trial court erred when it admitted into evidence Exhibits 12, 12A, 12B, and 12C because these documents did not qualify for the business records exception to the hearsay rule, in that they were not sponsored by qualified witnesses from the entities that actually created the documents, and proper foundations were not laid for them as required by Revised Statutes of Missouri §§490.660-490.690.

We would ordinarily review such a claim for an abuse of discretion, ***Ford Motor Credit Co. LLC v. Harris***, 386 S.W.3d 864, 866 (Mo.App. 2012), and prejudice to appellant, ***Saint Louis University v. Geary***, 321 S.W.3d 282, 291 (Mo. banc 2009); however, Mother's claim is not preserved for our review.

During Father's testimony, Father's counsel offered Exhibit 12, the report of Dr. Judith Kellenberger "produced by affidavit from Dr. Judith Kellenberger's office." When the trial court asked Mother's counsel if she had any objection, she responded, "No, subject to cross." Dr. Kellenberger's report contained the records of Dr. Bochtler (that previously had been submitted to Dr. Kellenberger). Then, during Stepmother's direct examination, Father's counsel, referring to Dr. Bochtler's records, took out "a sample of just that particular part" and it was labelled Exhibit 12A. Another portion of Dr. Bochtler's report contained within Dr. Kellenberger's records was labelled Exhibit 12B and referenced during Stepmother's testimony. However, neither Exhibit 12A nor Exhibit 12B was offered or admitted during Stepmother's testimony.

6

Father's counsel offered Exhibits 12A, 12B and 12C[5] during cross examination of Mother:

[FATHER'S COUNSEL]. All right. You have here 12A, 12B, and 12C. Would you look at those and verify that those are your recollection of the event?

[MOTHER]. Okay. Yes.

[FATHER'S COUNSEL]. Those are correct, in your mind?

[MOTHER]. Yes.

[FATHER'S COUNSEL]: We'll offer it, Your Honor.

THE COURT: Any objection?

[MOTHER'S COUNSEL]: I believe they've already been admitted, Your Honor.

THE COURT: Okay.

[MOTHER'S COUNSEL]: These were attached to Dr. Kellenberger's.

[FATHER'S COUNSEL]: We just never have offered those.

THE COURT: No.

[GUARDIAN AD LITEM]: No.

THE COURT: All right.

[GUARDIAN AD LITEM]: No objection.

THE COURT: The Court -- the Court will admit them as additional records.

(AT THIS TIME PETITIONER'S EXHIBITS 12A, 12B, AND 12C WERE RECEIVED INTO EVIDENCE AND MADE A PART OF THIS RECORD.)

When Exhibits 12, 12A, 12B, and 12C were offered into evidence, Mother made no timely objection to their admission. Because she failed to do so, her argument on appeal that the trial court should not have admitted them is not preserved for our review. *Callahan v. Cardinal*

---

[5] Exhibit 12C was not identified in the record before it was offered into evidence, but as noted in the colloquy surrounding its admission, Mother represented to the trial court that it was an excerpt from the records included in Exhibit 12.

7

*Glennon Hosp.*, 863 S.W.2d 852, 860 (Mo. banc 1993) ("Since there was no objection to the testimony of plaintiff's experts, there is no issue of admissibility presented and none is preserved for appeal."); *Citizens for Ground Water Prot. v. Porter*, 275 S.W.3d 329, 344 (Mo.App. 2008) ("To preserve for appellate review an error regarding the admission of evidence, a timely objection must be made when the evidence is introduced at trial. If the objection is not made at the time of the incident giving rise to the objection, the objection may be deemed waived or abandoned.").

Moreover, when Exhibit 12 was offered into evidence, Mother affirmatively asserted to the trial court that she had "no" objection to its admission. Such an assertion when evidence is introduced affirmatively waives appellate review of its admission. *Citizens for Ground Water Prot.*, 275 S.W.3d at 344. Because Exhibits 12A, 12B, and 12C are included within Exhibit 12, Mother's waiver of appellate review of the admission of Exhibit 12 also means that she cannot demonstrate any prejudice as a result of the admission of Exhibits 12A, 12B, and 12C. This is so because "'[a] complaining party is not entitled to assert prejudice if the challenged evidence is cumulative to other related admitted evidence.'" *Saint Louis University*, 321 S.W.3d at 292 (quoting *Rinehart v. Shelter Gen. Ins. Co.*, 261 S.W.3d 583, 590 (Mo.App. 2008)).

Mother's fourth point is denied.

### No Error in Denial of Mother's Motion for Contempt

Mother's third point relied on states:

> The trial court erred in denying appellant's Motion for Contempt because Appellant established a prima facie case of contempt and Respondent did not prove to the court that his noncompliance was not an act of contumacy, in that the trial court abused its discretion in not enforcing the terms of the dissolution judgment as prescribed by Revised Statutes of Missouri§ 452.325 and §476.110.

Mother's motion for contempt alleged that Father owed $1,091.79 in medical expenses, but she acknowledged at trial that she had received some payments since filing and now believed

she was owed only $800.  When she was unable to account for how she arrived at the $800 amount, she revised her testimony to claim that she was owed $600 for Dr. Hopkins' evaluation and $26.89 for the check that she had returned because it was made payable to "Liz Brown."

Based on this testimony, Mother asserts that she established a prima facie case of contempt.  In other words, she claims that she met her burden of proof and the burden shifted to Father to prove that he was not in contempt, which he failed to do.  Mother's argument is flawed in that it is premised upon a rule that only applies to assess the sufficiency of the evidentiary basis to support a finding of contempt.[6]  Rather, as in Mother's situation,

> [w]hen the burden of proof is placed on a party for a claim *that is denied*, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence.  If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party.  Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it.

*White v. Dir. of Revenue*, 321 S.W.3d 298, 305 (Mo. banc 2010) (internal citations and quotations omitted) (emphasis added).

"When courts discuss the burden of proof, there are two components:  the burden of producing (or going forward with) evidence and the burden of persuasion." *Kinzenbaw v. Dir. of Revenue*, 62 S.W.3d 49, 53 (Mo. banc 2001).

> The burden of production is a party's duty to introduce enough evidence on an issue to have that issue decided by the fact-finder, rather than decided against the party in a peremptory ruling such as summary judgment or a directed verdict. . . . The burden of persuasion is a party's duty to convince the fact-finder to view the facts favorably to that party.

*Johnson v. Dir. of Revenue*, 411 S.W.3d 878, 884 (Mo.App.2013) (internal citations omitted).

---

[6] Mother relies primarily on two cases, *Walters v. Walters*, 181 S.W.3d 135, 138 (Mo.App. 2005), and *State ex rel. Watkins v. Watkins*, 972 S.W.2d 609, 610 (Mo.App. 1998), in which the trial court concluded that the opposing party was in contempt and the evidentiary basis of that ruling was affirmed on appeal.  In that regard, these cases are procedurally distinguishable from the current situation in which the trial court concluded that Father was *not* in contempt.

Mother's argument assumes that she fully satisfied her burden of proof to establish contempt because she provided some evidence of medical expenses that Father failed to pay. While this evidence might satisfy Mother's burden of production and, if believed by the trial court, could be considered as substantial evidence to support a judgment in favor of Mother, Mother completely fails to demonstrate how its mere existence necessarily satisfies her burden of persuasion. It does not.

"The credibility of witnesses and the weight to be given to their testimony is a matter for the trial court, which is free to believe none, part or all of the testimony of any witness." ***In Re Bell***, 481 S.W.3d 855, 859 (Mo.App. 2016). Because the trial court could have entered judgment in favor of Father because it disbelieved Mother's evidence, ***White***, 321 S.W.3d at 305, Mother failed to carry her burden of persuasion. That burden never shifted to Father.

Mother's third point is denied.

### Trial Court Erred in Failing to Determine the <u>Correct</u> Presumed Amount of Child Support

Mother's first point relied on states:

The trial court erred in ordering neither party to pay child support because the court did not attach and incorporate a correct Form 14 to its written judgment and did not find for the record the presumed amount of child support, in that the trial court did not adhere to the procedure for determining child support mandated by the Missouri Supreme Court, Revised Statutes of Missouri§ 452.340.8 and Rule 88.01.

Mother and Father each submitted proposed Form 14s with calculations of presumed child support based on their differing proposals for child custody and their differing views of the evidence related to their respective incomes and Father's cost of health insurance. The trial court stated: "The presumed correct child support calculated pursuant to Section 452.340.8 RSMO, Supreme Court Rule 88.01, and Form 14, by the Court *as calculated by each party* is rebutted as

10

being unjust or inappropriate, the Court finds and orders neither party is to pay child support."

(Emphasis added).

> When awarding child support in a paternity or a dissolution action, the trial court is required to follow a two-step procedure. *First, the trial court determines the presumed child support amount in accordance with Form 14, either by accepting the Form 14 calculation of one of the parties or by doing its own.* Then, the trial court determines whether, considering all relevant factors, the presumed child support amount is unjust or inappropriate; such a finding rebuts the presumption that the amount is correct.

*J.D.W. v. V.B.*, 465 S.W.3d 82, 87 (Mo.App. 2015) (internal citations omitted) (emphasis added); *see also* Rule 88.01.[7] We review "the trial court's award and application of the two-step procedure according to the *Murphy v. Carron* standard of review, and we review the court's decision regarding whether the presumed amount should be rebutted as unjust or inappropriate for an abuse of discretion." *Thomas v. Moore*, 410 S.W.3d 748, 758 (Mo.App. 2013).

The trial court's judgment did not accept the Form 14 calculations of one of the parties as being correct. Neither did the trial court perform its own calculation. Determination of the correct presumed amount "is a mandatory mathematical calculation." *Mehler v. Martin*, 440 S.W.3d 529, 539 (Mo.App. 2014). The trial court, therefore, erred in failing to comply with the first requirement of Rule 88.01.

Father concedes the trial court's error but contends that there was no prejudice to Mother in that any error was harmless because the trial court completed the second requirement of Rule 88.01. Father essentially argues that it does not matter what the correct presumed amount of child support is because the trial court would have found it unjust and inappropriate in any event. That may be true, but because the trial court did not determine the correct presumed amount, we cannot effectively review whether, as Mother contends in her second point, the trial court abused its discretion in determining that unknown amount to be unjust and inappropriate. *Thomas*, 410

---

[7] Rule references are to Missouri Court Rules (2015).

S.W.3d at 758. We conclude, therefore, that the trial court erred in its modification of child support and remand with instructions to the trial court to calculate the correct presumed amount of child support pursuant to Rule 88.01 and Form 14. After calculating the correct presumed amount, the trial court may then consider the relevant factors to determine whether that amount is unjust or inappropriate. Mother's first point is granted.

Because Mother's first point is meritorious and we reverse the judgment as to child support, Mother's related second point (arguing that the "trial court erred in rebutting as being unjust and inappropriate the presumed amount of child support") is moot.

## Decision

The trial court's judgment as to child support is reversed and the cause is remanded to the trial court to proceed as directed in this opinion. In all other respects, the trial court's judgment of modification is affirmed.


GARY W. LYNCH, J., Opinion author

DON E. BURRELL, P.J., concurs

WILLIAM W. FRANCIS, JR., J., concurs

12