In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

 KIMBERLY L. BALL, ) No. ED109532
 )
 Appellant, ) Appeal from the Circuit Court of
 ) St. Charles County
 vs. )
 ) Honorable John P. Banas
 MICHAEL R. BALL, )
 )
 Respondent. ) Filed: November 23, 2021

 Introduction

 Kimberly Guinn (“Mother”) appeals the trial court’s judgment modifying an Illinois

court’s child custody judgment and giving Michael Ball (“Father”) sole physical custody of their

daughter, MB. Mother raises eight Points on appeal. In Point I, Mother challenges the trial

court’s “jurisdiction” to modify an Illinois court’s dissolution judgment. In Point II, Mother

argues the trial court improperly entered a temporary custody order without a hearing and

delegated its judicial authority to enter a custody order to a guardian ad litem (“GAL”). In Points

III-IV, Mother argues the trial court erred by awarding the parties joint legal custody, giving

Father final decision-making authority, and awarding Father sole physical custody of MB. In

Point V, Mother argues the trial court uncritically “rubber stamped” Father’s proposed findings

of fact and conclusions of law. In Point VI, Mother argues the trial court lacked jurisdiction to

amend the Illinois judgment’s award of a tax credit to her. In Point VII, Mother argues the trial
court erred by dismissing her motion for new trial as untimely. In Point VIII, Mother argues the

trial court lacked jurisdiction to amend the child support order because it was not registered for

modification.

 We affirm.

 Factual and Procedural Background

 The parties’ relationship began in 2008. They had one child together in March of 2010,

MB. The parties married in July of 2010 and divorced in Illinois on June 28, 2017. They lived

in both Missouri and Illinois at different points during the marriage and were twice separated

pending divorce in 2012-2013 and 2015-2017.

 The 2017 Illinois dissolution judgment provided Mother would receive sole physical and

legal custody of MB and Father would receive visitation on the Illinois equivalent of a

Siegenthaler schedule.1 In July 2019, Father attempted to register the dissolution judgment in

Missouri and sought to modify it under the Uniform Child Custody Jurisdiction and Enforcement

Act (“UCCJEA”), RSMo § 452.810.12 and Missouri Supreme Court Rule 74.14.3

 Section 452.810.1 permits registration of another state’s child custody determination in

Missouri courts. The registration may include a simultaneous request for enforcement. As

relevant here, to register a foreign judgment, section 452.810.1(2) provides the registering party

must send (1) two copies, including one certified copy, of the determination sought to be

registered and (2) a statement under penalty of perjury that to the best of the knowledge and

belief of the person seeking registration the order has not been modified.

1
 Siegenthaler visitation schedules generally provide the non-custodial parent with visitation on designated
weekends, weekdays, holidays, and longer periods during the summer. See White v. White, 616 S.W.3d 373, 384
(Mo. App. E.D. 2020).
2
 All statutory citations are to RSMo (2019), unless otherwise indicated.
3
 All Rule citations are to the Missouri Supreme Court Rules (2019), unless otherwise indicated.

 2
 Rule 74.14 controls registration of foreign judgments in Missouri courts generally and

contains filing rules pertaining to properly authenticating the foreign judgment seeking

registration. Rule 74.14(b) provides:

 A copy of any foreign judgment authenticated in accordance with the act of

 Congress or the statutes of this state may be filed in the office of the clerk of any

 circuit court of this state. The clerk shall treat the foreign judgment in the same

 manner as a judgment of the circuit court of this state. A judgment so filed has the

 same effect and is subject to the same procedures, defenses, and proceedings for

 reopening, vacating, or staying as a judgment of a circuit court of this state and

 may be enforced or satisfied in like manner.

 The trial court conducted a hearing on the motion to modify on October 15-16, 2020.

Whether Father properly registered the judgment in Missouri was not an issue raised. On

December 16, 2020, the trial court raised the issue of its jurisdiction over the Illinois judgment

sua sponte. The trial court’s jurisdiction concerns did not include the authentication of the

Illinois judgment; they were limited to the court’s ability to modify a foreign judgment without

first consulting the issuing state’s court.4 On January 7, 2021, the trial court held a jurisdictional

conference with the Illinois court under Mo. Rev. Stat. 452.730.5 Both parties participated in the

conference and submitted written arguments to the Illinois court about which court should have

jurisdiction over the modification motion.

4
 The trial court determined it was required to conduct a “jurisdictional hearing” with the Illinois court under section
452.750 before modifying the parties’ Illinois judgment.
5
 Section 452.730 provides Missouri courts may communicate with courts of other states regarding jurisdictional
issues in cases involving dissolution of marriage, custody, and support under sections 452.700-452.930.

 3
 On January 29, 2021, the Illinois court entered a written judgment finding it had no

continuing interest in retaining jurisdiction over the parties. Specifically, the Illinois court

found:

 Based on the evidence, neither the child, the child’s parents, nor any person acting

 as a parent have a significant connection with this State and that substantial

 evidence is no longer available in this State concerning the child’s care,

 protection, training, and personal relationships. The Court, therefore, no longer

 has exclusive, continuing jurisdiction over the issue of child custody [. . . .]

 Based upon the evidence, even if the Court were to find that it has exclusive,

 continuing jurisdiction, Illinois is an inconvenient forum for the parties to litigate

 the issue of modification of this Court’s judgment and the Court would decline to

 exercise jurisdiction.

 The Illinois court further emphasized Illinois was an inappropriate forum because (1) MB

lived in Missouri “the majority of the time since entry of the Illinois judgment;” (2) the distance

between the parties did not create an undue burden; (3) the parties “essentially agreed to the

jurisdiction of the Missouri court by litigating the entire case [in Missouri];” and (4) the Missouri

court was in a better position to decide the case and consider witness credibility because the

Missouri court heard the evidence and the Illinois court did not.

 The Missouri court accepted the Illinois court’s findings and retained jurisdiction. On

February 8, 2021, the Missouri court entered its findings of fact and conclusions of law,

modifying the Illinois judgment (1) granting joint legal custody to both parents; (2) granting sole

physical custody to Father; (3) eliminating Father’s child support obligations; and (4)

purportedly transferring child tax benefits to Father.

 4
 The Illinois and Missouri trial courts are to be commended for their efforts to address

their continuing jurisdiction over this factually complicated matter.

 This appeal follows. Additional factual and procedural history will be provided as

necessary to address Mother’s claims.

 Standard of Review

 A. Jurisdiction

 “Whether to register a foreign judgment and the propriety of the foreign judgment are

legal conclusions that we review de novo.” Ramalingam v. Kumaresan, 603 S.W.3d 323, 325

(Mo. App. E.D. 2020). Whether Missouri has jurisdiction to determine custody is also a legal

question this Court reviews de novo. Blanchette v. Blanchette, 476 S.W.3d 273, 277 (Mo. banc

2015).

 B. Dissolution and Child Custody

 We will affirm the judgment unless there is no substantial evidence to support it, it is

against the weight of the evidence, or it erroneously declares or applies the law. Murphy v.

Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). We will not review the trial court’s decisions

regarding the weight of the evidence, resolving conflicting evidence, and witness credibility.

Sulkin v. Sulkin, 619 S.W.3d 155, 159 (Mo. App. E.D. 2021). If the trial court has made no

specific findings on a factual issue, such findings are interpreted as having been found in

accordance with the judgment. Id.

 The trial court’s custody determinations are afforded greater deference than other

decisions. Thorp v. Thorp, 390 S.W.3d 871, 877 (Mo. App. E.D. 2013). We presume the trial

court reviewed all the evidence and based its decision on the child’s best interests. Id. We view

the evidence and any reasonable inferences in the light most favorable to the judgment and will

 5
not reweigh the evidence. Id. The trial court had a superior opportunity to observe the sincerity

and character of the witnesses; thus, we defer to the court’s credibility determinations. Mehler v.

Martin, 440 S.W.3d 529, 534 (Mo. App. E.D. 2014).

 Discussion

 Point I: “Jurisdiction” and Authority

 Mother claims the trial court had no jurisdiction to modify the Illinois judgment under the

UCCJEA because Father did not include an authenticated, certified copy of the entire judgment

in his petition to register the judgment. She points out Father only filed non-authenticated, non-

certified copies of the four-page Illinois dissolution judgment and twelve-page parenting plan,

omitting the parties’ marital settlement agreement and support order. Mother argues Father’s

attempt to register the judgment violated Missouri’s general foreign judgment registration

statute, section 511.760(3);6 section 452.810.1(2) of the UCCJEA; and Rule 74.14. Mother

reasons Father had to file an authenticated, certified copy of the Illinois judgment with the trial

court and his failure to do so was fatal to the trial court’s subject matter jurisdiction.

 Father “disputes” Mother’s claim he failed to properly register the judgment in Missouri

but cites no authority supporting his position. Instead, Father notes Mother correctly registered

the entire judgment in Missouri in a separate action and argues Mother’s registration cured any

jurisdictional defect.7

6
 Section 511.760(3) provides in relevant part: A verified petition for registration shall set forth a copy of the
judgment to be registered, the date of its entry and the record of any subsequent entries affecting it, all authenticated
in the manner authorized by the laws of the United States or of this state, and a prayer that the judgment be
registered. Mother cites no authority supporting her claim Father had to register the Illinois judgment under both
section 511.760(3) and section 452.810.1(2). Because this issue is unimportant to our discussion and holding we do
not address it further.
7
 Mother registered the Illinois judgment in a separate action in Missouri on March 15, 2021, more than one month
after the trial court entered its modification judgment. We fail to see how Mother’s separate registration is relevant
to this appeal.

 6
 Both parties’ positions are incorrect. Authentication of a foreign state’s judgment does

not impact a court’s jurisdiction; authentication involves the court’s authority to act under the

statute.

 A. Subject Matter Jurisdiction

 To have jurisdiction over a case, a court must have personal jurisdiction over the parties

and subject matter jurisdiction over the issues to be litigated. J.C.W. ex rel. Webb v. Wyciskalla,

275 S.W.3d 249, 251 (Mo. banc 2009) (citing In re marriage of Hendrix, 183 S.W.3d 582 (Mo.

banc 2006)). Subject matter jurisdiction of Missouri courts is governed by Article V, section 14

of the Missouri Constitution, which provides: “the circuit courts shall have original jurisdiction

over all cases and matters, civil and criminal.” This is a civil case. The UCCJEA as codified in

section 452 can give a Missouri court jurisdiction over foreign states’ child custody judgments in

certain circumstances.

 In Wyciskalla, the Missouri Supreme Court examined the breadth of trial courts’

constitutional subject matter jurisdiction. 275 S.W.3d 249, 252-54 (Mo. banc 2009). The Court

observed trial courts sometimes conflated subject matter jurisdiction with their authority to act in

a particular case. Id. The source of the confusion was the concept of “jurisdictional

competence,” a quasi-jurisdictional justification for barring litigants from relief in “situations in

which there is no question as to the court’s authority to decide the general issue before it, but

there is a question whether the issue or parties affected by the court’s judgment are properly

before it for resolution at that time.” Id.

 Wyciskalla changed how we analyze trial courts’ jurisdiction over cases with threshold

filing defects. Before Wyciskalla, statutory filing rules were considered jurisdictional; that is, a

litigant’s failure to follow statutory prerequisites deprived trial courts of subject matter

 7
jurisdiction. See, e.g., McMinn v. McMinn, 884 S.W.2d 277, 279-80 (Mo. App. W.D. 1994)

(holding the trial court was deprived of subject matter jurisdiction over a foreign judgment

because the filing party failed to file an authenticated copy of the judgment with the court).

 After Wyciskalla, statutory prerequisites became a question of the trial court’s authority

to enter judgment, not subject matter jurisdiction. Gray v. Missouri Dep’t of Corr., 577 S.W.3d

866, 868 (Mo. App. W.D. 2019). In Gray, the Court of Appeals for the Western District

acknowledged statutory prerequisites were traditionally considered a jurisdictional matter, but

noted Wyciskalla clarified they are properly analyzed as a question of the trial court’s authority

to enter judgment. Id. at 868-67. The trial court therefore had subject matter jurisdiction to

address the Illinois judgment. Gray, 567 S.W.3d at 868-69; Mo. Const. art. V, § 14. Mother’s

position is based on a statutory filing defect, which raises the court’s authority to act, not subject

matter jurisdiction.

 B. Challenges to the Trial Court’s Authority to Act are Unpreserved

 Mother never challenged the trial court’s authority to enter judgment. She first raised the

court’s subject matter jurisdiction – an issue that cannot be waived and may be raised at any time

– in her untimely motion for new trial. See Point VII, infra. Challenges to the trial court’s

statutory authority over a child custody matters are waived if not timely and properly asserted.

Schaeffer v. Schaeffer, 471 S.W.3d 367, 371-72 (Mo. App S.D. 2015). Unpreserved authority

arguments framed as jurisdictional arguments are waived. Hightower v. Myers, 304 S.W.3d 727,

733 (Mo. banc 2010). Failure to raise the court’s authority in the initial proceeding or

subsequent modification proceedings leave the issue unpreserved for review. Id.

 8
 In Hightower, the Missouri Supreme Court explained non-waivable jurisdictional

arguments are distinct from waivable statutory authority arguments under its then-recent holding

in Wyciskalla. Id. The Court noted:

 It was crucial that Mother successfully frame her claim for relief in terms of

 subject matter jurisdiction because subject matter jurisdiction may not be waived,

 may not be conferred by consent, and can be raised at any time by any party or

 court, even in a collateral or subsequent proceeding. Mother did not raise a

 challenge properly to the authority of the trial court in the initial paternity

 proceeding or the modification proceeding, so her claims of error . . . are

 unpreserved. Because the trial court had subject matter jurisdiction and any

 unpreserved claims are waived, she is not entitled to relief.

 Id. (internal citations omitted). Like in Hightower, Mother cannot bootstrap unpreserved

non-jurisdictional claims to a jurisdictional argument. We will not convict a trial court of error

for an issue not presented for its determination. Fouts v. Regency N. Acquisition, LLC, 569

S.W.3d 463, 466 (Mo. App. W.D. 2018). The trial court’s authority over the judgment was not

challenged; we decline to act as an advocate for the parties and consider the issue for the first

time on appeal.

 Point I is denied.

 Point II: The Temporary Custody Order

 On August 30, 2019, the trial court appointed a GAL to represent MB’s interests. The

court entered a temporary custody order, which stated: “The Court orders that [MB] shall

continue to attend school from Father’s residence. The Court appoints Joshua Knight as GAL.

The GAL shall implement a visitation schedule for [Mother].”

 9
 Mother asserts in conclusory fashion the trial court’s order exceeded its subject matter

jurisdiction and was an abuse of discretion.8 As explained in Point I, supra, the trial court had

subject matter jurisdiction over this matter. Mother claims she objected to the temporary custody

order and was therefore entitled to a hearing under section 452.380(1) before the order could be

entered. Further, Mother claims the trial court’s instruction, “[t]he GAL shall implement a

visitation schedule” violated Missouri Supreme Court Rule 2-2.2(A), but offers no citations to

authority nor analysis of her claim.9 Mother also contends the GAL’s investigation into MB’s

preferences and best interests was not thorough enough, but cites no authority establishing the

GAL’s investigation was insufficient.

 Father argues the August 30, 2019 temporary custody order was a consent order and no

hearing was required. Father argues Mother’s claimed objection to the order is “completely

fabricated,” is unpreserved because it was not raised at the trial court, and is moot.

 We agree with Father: Mother’s argument is unpreserved. Section 452.380(1) provides:

“A party to a custody proceeding may move for a temporary custody order. The motion must be

supported by an affidavit. The court may award temporary custody after a hearing or, if there is

no objection, solely on the basis of the affidavits.” Nothing in the record supports Mother’s

claim she objected to the temporary custody order. We are therefore not “firmly convinced that

the judgment is wrong.” Meseberg v. Meseberg, 580 S.W.3d 59, 65 (Mo. App. W.D. 2019).

 Point II is denied.

8
 Mother’s argument is multifarious and violates Rule 84.04(d). Distinct claims of error must be asserted in separate
Points. Rule 84.04(d); Librach v. Librach, 575 S.W.3d 300, 307 (Mo. App. E.D. 2019). We nevertheless exercise
our discretion to review Mother’s claims ex gratia to the extent we understand them. We exercise this discretion
with caution, because each time we review a noncompliant brief ex gratia, we imply substandard briefing is
acceptable. It is not. See Scott v. King, 510 S.W.3d 887, 893 (Mo. App. E.D. 2017).
9
 Rule 2-2.2(A) provides: “A judge shall uphold and apply the law, and shall perform all duties of judicial office
promptly, efficiently, fairly and impartially.”

 10
 Point III-IV: Physical and Legal Custody of MB

 In Points III-IV, Mother asserts the trial court erred by awarding the parties joint legal

custody and awarding Father sole physical custody of MB. Mother claims the judgment

contradicted the “credible testimony of the witnesses” and argues the trial court erred by finding

MB’s best interest would be served by awarding Father sole physical custody. Specifically,

Mother disputes the trial court’s finding “Mother has not made a significant effort to maintain

her relationship with [MB] since her move. In addition to failing to maintain phone contact or

attend any activities, she has taken no initiative to learn where [MB] was attending school; has

made little to no contact with the school.”

 Regarding joint legal custody, Mother contests the trial court’s order: “If a disagreement

arises as to a decision on a legal issue above, and the parties are unable to reach an agreement

within forty-eight hours, Father shall have final decision-making authority.” In Point IV, Mother

argues such an arrangement violates the State’s public policy interest in encouraging parents to

share decisions affecting their children’s health, education, and welfare and diminishes her role

as MB’s parent.

 Father argues the trial court did not err and its findings regarding Mother’s lack of

participation in MB’s life were supported by the evidence. Father notes the evidence established

Mother demonstrated little interest in communicating with or visiting MB while she was in

Father’s custody and was unwilling to communicate directly with Father, instead using Father’s

parents as an intermediary.

 Regarding the trial court’s award of final decision-making authority to Father on disputed

legal custody issues, Father argues such arrangements are permitted when the parties

demonstrate an inability to agree. Father relies on this Court’s decision in Rallo v. Rallo to argue

 11
final authority should rest with one parent when the other parent failed to timely respond to

custody issues and communicated through an intermediary such as the child’s grandparents. 477

S.W.3d 29, 34 (Mo. App. E.D. 2015).

 We agree with Father. A trial court’s custody determination is afforded greater deference

than other decisions and we will not reweigh the evidence or credibility of the witnesses. Thorp,

390 S.W.3d at 877. Mother’s claims ignore our standard of review and are replete with

speculation about facts outside the record. We are therefore not “firmly convinced” the trial

court’s judgment was wrong. Murphy, 536 S.W.2d at 32; Meseberg, 580 S.W.3d at 65.

 Points III and IV are denied.

 Point V: Adoption of Father’s Proposed Judgment

 The trial court ordered the parties to submit proposed findings of fact and conclusions of

law. In finding for Father, large portions of the trial court’s judgment adopted Father’s proposed

findings verbatim. Mother notes such a practice by trial courts is disfavored and, though not per

se reversible error, “it is unwise in a contested case and this Court and the Supreme Court of

Missouri have repeatedly warned against it.” Tribus, LLC v. Greater Metro, Inc., 589 S.W.3d

679, 699 (Mo. App. E.D. 2019). Mother claims the judgment is internally inconsistent,

confusing, prejudicial, and unsupported by substantial evidence, indicating the trial court did not

carefully consider the issues.

 Father argues the portions of the judgment adopted verbatim from his proposed findings

of fact and conclusions of law were not prejudicial, noting the judgment materially differs from

his proposed judgment. Specifically, Father notes the trial court did not adopt his proposed

custody and visitation schedules, attorney fee requests, and financial support proposals.

 12
 This Court “does not condone [verbatim adoption of proposed findings] by a trial court,

and strongly encourage[s] all trial courts to avoid such a practice.” Arcese v. Daniel Schmitt &

Co., 504 S.W.3d 772, 778 n.7 (Mo. App. E.D. 2016) (citing State v. Griffin, 848 S.W.2d 464

(Mo. banc 1993)). We agree with Father the judgment is not a “rubber stamp” of his proposed

findings of fact and conclusions of law. Here, the trial court’s partial adoption of Father’s

proposed findings did not indicate a lack of careful consideration because the court modified the

proposed findings to reflect its view of the evidence. Tribus, LLC, 589 S.W.3d at 699.

 Point V is denied.

 Point VI: Tax Benefits

 In the parties’ underlying dissolution judgment and settlement agreement, they agreed to

claim MB on their taxes in alternating years. The Illinois settlement agreement further provided

Father would waive his right to claim MB on his taxes for four years as consideration for settling

the distribution of the parties’ other assets. In its modification judgment, the Missouri trial court

stated, “Father shall be entitled to the tax exemption for the child as set forth in the previous

judgment” and “In all other respect[s] not specifically modified herein, the provisions of the

[Illinois Judgment] . . . shall remain in full force and effect.”

 Mother asserts the modification judgment violated principles of res judicata by

permitting Father to relitigate the Illinois trial court’s judgment of the parties’ division of tax

benefits. Specifically, Mother contends she is entitled to a 2021 tax benefit for MB under the

Illinois judgment, but the modification judgment improperly transferred the benefit to Father.

She claims the modification judgment ignored the settlement agreement by effectively returning

the right to claim MB to Father.

 13
 Father argues Mother’s claim is moot because the trial court’s order did not return the tax

exemption to him; it simply reaffirmed the parties’ arrangement in the underlying judgment. We

agree. The underlying judgment and settlement had two parts: (1) the parties’ right to claim the

tax benefit alternates every year and (2) Father agreed to waive his right to the benefit for four

years. Nothing in the Missouri modification judgment contradicted the agreement the parties

reached in their Illinois settlement. Mother concedes her claim about the trial court’s alleged

modification of the tax benefit is speculation. We disagree with her characterization of the

modification judgment: it specifies the Illinois judgment still controls the parties’ tax exemption.

 Point VI is denied.

 Point VII: Mother’s Motion for New Trial

 The trial court entered its judgment on February 8, 2021. On February 25, 2021, Father

moved to amend the judgment. On March 13, 2021, Mother moved for a new trial. The trial

court dismissed Mother’s motion for new trial as untimely under Rule 78.04, which provides:

“Any motion for new trial and any motion to amend the judgment or opinion shall be filed not

later than thirty days after the entry of the Judgment.”

 Mother moved for a new trial over thirty days after the judgment was entered. She

appears to argue she can extend her deadline to file a post-trial motion by bootstrapping it to

Father’s timely post-trial motion. Mother cites no authority supporting her position. Her post-

trial motion was untimely and the trial court did not err by dismissing it.

 Point VII is denied.

 Point VIII: Child Support

 Before the modification judgment, Father paid $312 per month in child support. In its

modification judgment, the trial court found Father earns $10,093 per month and Mother earns

 14
$2,100 per month. The court also found Father pays $410 per month for MB’s health insurance.

Using a Form 14, the trial court found Mother’s presumed monthly child support obligation was

$86, but did not order her to pay support because of the parties’ disparate incomes.

 Mother claims the trial court erred by modifying the child support judgment under the

Uniform Interstate Family Support Act (“UIFSA”), section 454.1500. Mother claims in

conclusory fashion (1) personal jurisdiction was not established over her or (2) even if personal

jurisdiction was established, the trial court lacked authority to modify the support order.

Mother’s claims are unpreserved.10 Unlike subject matter jurisdiction, personal jurisdiction

objections can be waived if not timely and properly raised. Interest of A.R.B., 586 S.W.3d 846,

859 (Mo. App. W.D. 2019). Similarly, as explained in Point I, failure to timely challenge the

trial court’s statutory authority also waives the issue. Hightower, 304 S.W.3d at 733.

 Mother appears to argue the trial court abused its discretion by no longer requiring Father

pay child support to Mother, despite physical custody transferring to Father. Mother cites no

authority supporting this position. Mother also claims the court overestimated her monthly

income and overestimated the cost of MB’s health insurance, concluding the court’s calculations

were against the weight of the evidence. Finally, Mother cites section 452.377.11(2) to argue the

trial court had to specify which party should pay for transporting MB between their residences.

 Mother’s arguments essentially ask this Court to reweigh the evidence and conclude the

trial court abused its discretion by ending Father’s child support obligation. We find no abuse of

discretion and will not reweigh the evidence on appeal. Sulkin, 619 S.W.3d at 159. The

judgment favors Mother: she was presumed to owe child support to Father, but the court

eliminated her obligation to contribute. Regarding Mother’s transportation cost argument,

10
 We note Point VIII violates Rule 84.04(e), which requires appellants to “include a concise statement describing
whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of
review.” Mother included no preservation statement.

 15
section 452.377.11 applies after the court approves the custodial parent’s relocation.11 Nothing

in the record indicates Father has relocated from his residence in St. Charles, Missouri, and

Mother cites no authority expanding the applicability of section 452.377.

 Point VIII is denied.

 Conclusion

 For the reasons stated above, we affirm.

 _______________________________
 Philip M. Hess, Presiding Judge

Angela T. Quigless, Judge and
Colleen Dolan, Judge concur.

11
 Section 452.377.11 provides in relevant part: “If relocation is permitted: . . . (2) The court shall specify how the
transportation costs will be allocated between the parties and adjust the child support, as appropriate, considering the
costs of transportation.” (emphasis added).

 16